**J. E. LEWIS and Zelma W. Lewis,**
**Appellants,**

v.

**Spencer CARVER, Trustee, Appellee.**

**No. 5387.**

United States Court of Appeals
Tenth Circuit.

Oct. 1, 1956.

Rehearing Denied Oct. 24, 1956.

————

John B. Ogden, Oklahoma City, Okl. (Joe B. Thompson, Ardmore, Okl., on the brief), for appellants.

Spencer Carver, pro se.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appellants seek to restrain execution upon a partially unsatisfied judgment originally entered against them and in favor of appellee by the United States District Court for the Northern District of Texas and now registered in the United States District Court for the Eastern District of Oklahoma. Appellants assert the Texas judgment to be void from lack of jurisdiction.

A review of the proceedings in the District Court for the Northern District of Texas reveals that each point now urged upon this court was likewise urged upon the Texas District Court; that the matter was appealed to the United States Court of Appeals, Fifth Circuit, and presented fully to that court and that certiorari was sought from but denied by the United States Supreme Court. Lewis v. Carver, 5 Cir., 223 F.2d 867; certiorari denied 350 U.S. 883, 76 S.Ct. 135, 100 L.Ed. ——; rehearing denied 350 U.S. 926, 76 S.Ct. 211, 100 L.Ed. ——. Each ruling of those courts has been adverse to appellants' contentions.

Notwithstanding appellants have thrice before attacked the jurisdiction of the Texas court they now insist that no court has passed upon the merits of their contentions because the appeal to the Fifth Circuit was concluded by that court's order dismissing the appeal. However, this argument is completely negatived by the decision of the Fifth Circuit [223 F.2d 868] wherein it is stated that the motion to dismiss "* * * which we have considered with the merits of the case, * * *" is granted.

Where it appears that a cause has been duly considered upon its merits, regardless of the technical order issued in disposition of the cause, the matter is at rest and cannot be again heard on the same issues between the same parties in the manner herein sought.

Jurisdictional questions are subject to the principles of res judicata and appellants cannot now be heard anew upon the merits. American Surety Company of New York v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231. As Mr. Justice

Reed has so tersely stated: "One trial of an issue is enough." Treinies v. Sunshine Mining Company, 308 U.S. 66, 60 S.Ct. 44, 51, 84 L.Ed. 85, rehearing denied 309 U.S. 693, 60 S.Ct. 464, 84 L.Ed. 1034.

The judgment and order of the trial court dismissing appellants' complaint is affirmed.