**Leland WILLETTE**

v.

**Leonard UMHOEFFER.**

Supreme Judicial Court of Maine.

Aug. 7, 1970.

Sidney H. Geller, Waterville, for plaintiff.

Jules L. Mogul, Bangor, John P. Jabar, Waterville, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

WEBBER, Justice.

This is the second effort of the defendant to avoid the consequences of a default judgment. On the record before us the case is governed by the doctrine of finality of judgments. The Court cannot permit the needless protraction of litigation.

The underlying facts were fully set forth in our prior opinion in Willette v. Umhoeffer (1968) 245 A.2d (Me.) 540 and need not be repeated at length. Suffice it to say that defendant's initial failure was in not filing timely answer to plaintiff's complaint. His opportunity to seek the aid of the court in this respect was lost when he failed to appear at the hear-

ing which he had scheduled on his motion brought under M.R.C.P., Rule 6(b) (2) for enlargement of time within which to file answer and counterclaim. On this default, the motion was denied, an order never appealed from. At this stage plaintiff had already obtained a default and default judgment and shortly after the denial of the 6(b) (2) motion he obtained an execution on that judgment. Defendant next brought a new motion dated April 25, 1967 to strike the default judgment under M.R.C.P., Rule 60(b). As noted in *Willette* (supra), however, this motion alleged reasons for his default on his earlier motion for enlargement of time but made no reference to his failure to make timely answer, the latter fact being the one which gave rise to the default judgment. An order having issued granting the 60(b) motion, the plaintiff appealed. In the first Willette case we sustained that appeal on the ground that the record was devoid of any evidence excusing the failure to make timely answer. The necessary and intended effect of our action was to deny defendant's 60(b) motion and bring to a final termination these piecemeal attacks on the validity of plaintiff's judgment.

It is now apparent that our decision was not so regarded by the defendant. That decision was certified on September 23, 1968. On November 13, 1968, so the Superior Court docket informs us, defendant filed a new motion to set aside the default judgment. Since this motion is not reproduced and nowhere appears in the record before us, we have no knowledge of the allegations contained therein. On December 11, 1968 a motion was filed to amend a motion to set aside the judgment. Since the first 60(b) motion filed April 25, 1967 had been finally disposed of by our decision in the first case and was no longer a viable instrument for amendment, we assume as, we believe, did the court below, that it was defendant's intention to amend the new motion of November 13, 1968. The amendment purports to raise two grounds for relief from the judgment:

"1. The affidavit and request for default judgment filed by the plaintiff * * * was granted by the clerk of said Superior Court, when in truth and in fact the alleged amount was not a sum certain or a sum which could by computation be made certain. Therefore said clerk did not have jurisdiction to enter said judgment.

2. Said affidavit and request for default judgment was a request to said clerk to enter judgment for interest only, and said computation for interest was incorrect and improper on its face."

The Court below on September 29, 1969 found (1) that the default judgment was void as entered in violation of M.R.C.P., Rule 55(b), and (2) that the "original" default was the result of excusable neglect and defendant was entitled to relief under Rule 60(b) (1). Again plaintiff appealed. He vigorously asserts the defense of res judicata.

We are here dealing with a judgment, not appealed from, which must be accorded finality under well established rules unless relief therefrom is afforded properly and seasonably for any one of the reasons set forth in M.R.C.P., Rule 60(b). We are further dealing with the effect of a final decision on one 60(b) motion as it relates to the right to pursue the attack on the judgment further by means of successive 60(b) motions. The principles underlying the doctrine of res judicata have full application in such a situation.

In Cianchette v. Verrier, et al. (1959) 155 Me. 74, 86, 151 A.2d 502, 508 we had occasion to review the principles of res judicata and note the distinctions as between that doctrine and the doctrine of estoppel by judgment. We quoted and adopted the language of the text of 30A Am.Jur. 373, Sec. 326 Res Judicata as follows:

"The doctrine of res judicata may be said to inhere in the legal systems of all

civilized nations as an obvious rule of expediency, justice, and public tranquility. Public policy and the interest of litigants alike require that there be an end to litigation which, without the doctrine of res judicata, would be endless. The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, *or had an opportunity to litigate*, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. The doctrine of res judicata not only puts an end to strife, but produces certainty as to individual rights and gives dignity and respect to judicial proceedings. It is considered that a judgment presents evidence of the facts of so high a nature that nothing which could ·be proved by evidence aliunde would be sufficient to overcome it; and therefore it would be useless for a party against whom it can be properly applied to adduce any such evidence, and accordingly he is estopped or precluded by law from doing so." (Emphasis ours)

■ It is apparent the claimed deficiencies asserted in the amendment, namely inadequacy of affidavit and lack of "sum certain," being matters of record were as evident to defendant on April 25, 1967 when he filed his first 60(b) motion as they were more than a year and a half later when he filed his second 60(b) motion, now before us. It was incumbent upon the defendant to bring to the attention of the Court on his first motion those issues bearing directly upon his right to relief from judgment. He could not reserve a portion of his alleged grounds in order to lay the basis for successive motions seeking the same relief. This is precisely what is contemplated by the italicized phrase in the above quotation, "or had an opportunity to litigate." Although res judicata is ordinarily applied to second independent actions between the same parties or their privies involving the same subject matter, in our view the principles upon which the doctrine rests have equal application to successive attacks upon a judgment, otherwise final, as between the same parties where all of the issues were or could have been litigated on the first motion.

■ It is suggested that the issues newly asserted involving the affidavit and lack of "sum certain" may be jurisdictional. Even if that were so, the doctrine of res judicata would apply. There is substantial and persuasive authority holding that jurisdictional questions are subject to the principles of res judicata. Lewis v. Carver (1956) 10 Cir., 237 F.2d 516; Treinies v. Sunshine Mining Co. (1939) 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85; Temple v. Lumber Mutual Cas. Co. (1958) 3 Cir., 250 F.2d 748; Breslerman v. American Liberty Ins. Co. (1963) D.C.N.Y., 218 F.Supp. 345, affd. 2 Cir., 326 F.2d 756; Flying Tiger Lines, Inc. v. Landry (1966) 9 Cir., 370 F.2d 46; Robinson v. Robinson (1949) 70 Idaho 122, 212 P.2d 1031. The issue of jurisdiction must reach finality the same as any other issue. Dairy Distributors, Inc. v. Western Conference of Teamsters (1961) 10 Cir., 294 F.2d 348. We conclude that all issues now sought to be raised by the new amended 60(b) motion were or should have been raised by the first motion and must be deemed to have been finally adjudicated against the defendant.

■■ There is a further reason why the new motion cannot be granted. Rule 60(b) provides time limits for the filing of the motion. The rule provides in part, "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment * * * was entered * * *." Reason numbered (1) includes "excusable neglect" which seems to have been one of the grounds asserted in the second motion, ·it having been one of the grounds relied upon by the Court below in deciding that motion. Disregarding for the moment the

controlling effect of res judicata discussed above, and considering only the time limit applicable to the motion, we conclude that it was not open to the defendant to assert on November 13, 1968 "excusable neglect" with respect to a judgment entered March 3, 1967. Insofar as the amended motion sought to challenge the jurisdiction of the clerk to enter default judgment [see reason numbered (4) in Rule 60(b)], we would not hold that defendant was barred by mere lapse of time. See Field, McKusick and Wroth, Maine Civil Practice, 2d Ed., Vol. 2, Page 76, Comment 60.9.

The entry will be

Appeal sustained. Motion for relief from default judgment denied. Judgment for plaintiff in Superior Court, Civil #1452 affirmed.