The ROYAL COACHMAN COLOR
GUARD

v.

MARINE TRADING & TRANSPORTA-
TION, INC. and David S. McFarland.

Supreme Judicial Court of Maine.

March 1, 1979.

Strout, Payson, Pellicani & Cloutier by
Joseph M. Cloutier (orally), Rockland, for
plaintiff.

Little & Watkinson by Randal E. Watkin-
son (orally), Rockland, for defendants.

Before McKUSICK, C. J., and WER-
NICK, ARCHIBALD, GODFREY and
NICHOLS, JJ.

# 383

WERNICK, Justice.

Defendants David McFarland and the Marine Trading and Transportation, Inc., a corporation of which defendant McFarland is the sole stockholder, have appealed from the denial by the Superior Court (Knox County) of their motion, filed pursuant to Rule 60(b) M.R.Civ.P., to set aside a default judgment entered by the District Court[1] against them in favor of the plaintiff, The Royal Coachman Color Guard, an unincorporated association. Defendants contend that the District Court lacked jurisdiction to enter the default judgment because (1) the named plaintiff, as an unincorporated association, had no capacity to sue and (2) the default judgment, entered by the Clerk of the District Court, was entered in violation of Rule 55(b)(1) M.R.Civ.P. since the plaintiff's complaint did not seek damages "for a sum certain or for a sum which can by computation be made certain."

We deny the appeal.

The action in the District Court was commenced on October 29, 1976. The complaint alleged that defendant McFarland had unlawfully seized a diesel engine owned by "The Royal Coachman Color Guard", causing it property damage of $3,000.00. The defendants were served with the summons and complaint. When they failed to file a timely answer, plaintiff moved for an entry of default, and also for a default judgment against defendants in the amount of $3,000.00. Such a default judgment was entered by the Clerk of the District Court on July 11, 1977.

In October of 1977 defendant made the first of two collateral attacks on this default judgment, by filing a motion to set it aside on grounds of "mistake, inadvertence, surprise, or excusable neglect", pursuant to Rule 60(b)(1) M.R.Civ.P. The District Court denied the motion, and defendants appealed to the Superior Court, which affirmed the decision of the District Court.[2] Defendants then appealed to this Court. The appeal was ultimately dismissed on August 17, 1978 after defendants had failed to file the record on appeal within the period required by Rule 74A(d) M.R.Civ.P.

On March 2, 1978, while their appeal to this Court was still pending, defendants instituted a second collateral attack on the default judgment, by filing a motion in the Superior Court which, this time utilizing clause (4) of Rule 60(b), asserted that the default judgment was "void." The "voidness" of the judgment was claimed on the grounds that (1) the Clerk of the District Court violated Rule 55(b)(1) M.R.Civ.P. by entering the default judgment in regard to a complaint which did not seek damages for a "sum certain or for a sum which can by computation be made certain", and (2) the District Court lacked jurisdiction to entertain the action because an unincorporated association may not, as such, bring a suit in the courts of Maine. The Superior Court denied defendants' motion, and defendants then took the present appeal, their second, to this Court.

We agree with plaintiff's contention that under *Willette v. Umhoeffer,* Me., 268 A.2d 617 (1970) defendants' Rule 60(b)(4) collateral attack on the default judgment, which is what is now before us, is barred by *res judicata.* This Court decided in *Willette v. Umhoeffer* that *res judicata* precluded consideration of Rule 60(b) issues raised by

1. Rule 60 M.Dist.Ct.Civ.R. makes Rule 60(b) M.R.Civ.P. applicable in the District Court, with a right of appeal to the Superior Court for a "hearing de novo on the motion." Since our decision of this case rests on other grounds, we intimate no opinion whether defendant proceeded properly, here, by filing a Rule 60(b) motion *originally* in the Superior Court to attack a District Court judgment.

2. We note that the Superior Court Justice used the wrong standard for review in ruling that the decision of the District Court should be sustained because there had been no "abuse of discretion." A party appealing from the District Court to the Superior Court pursuant to Rule 60(c) M.Dist.Ct.Civ.R. is entitled to a "de novo" hearing in which the Superior Court Justice is to exercise his own independent judgment as to the merits of the case, rather than limiting his review to whether there has been an abuse of discretion. *Perry Equipment Co. v. Marine Trading & Transportation, Inc.,* Me., 390 A.2d 1110, 1111 (1978).

an appellant in a second collateral attack upon a default judgment where the appellant was able to raise the issues in a first collateral attack but failed to do so. Here, when their first Rule 60(b) motion was brought, and while it was pending, defendants could have brought to the attention of the Superior Court the "voidness" issues now being asserted, but they did not do so. What we said in *Willette v. Umhoeffer*, is therefore controlling. Defendants will not be permitted to

> "reserve a portion of . . . [their] alleged grounds in order to lay the basis for successive motions seeking the same relief." (268 A.2d 617, 619)

Defendants argue, however, that since the attack here being made is predicated on the *voidness* of the default judgment, as allegedly resulting from the court's lack of jurisdiction of the subject-matter or person of the plaintiff, *res judicata* should not apply. Yet, even on the hypothesis that the default judgment is to be held void because the Clerk of the District Court acted in violation of Rule 55(b)(1) M.R.Civ.P.,[3] cf. *Downing v. O'Brien*, Me., 325 A.2d 526, 528, 529 n. 2 (1974), the claim of defendants must fail. *Willette v. Umhoeffer* explicitly held that *res judicata* applies to the assertion of the "voidness" of a judgment on grounds of the court's lack of jurisdiction. The decision made plain that all legal issues must be finally resolved at some point. Once there has been full opportunity to present an issue for judicial decision in a given proceeding, including those issues that pertain to a court's jurisdiction, the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end.

We add a final comment. Even though plaintiff's status as an unincorporated association does not affect the validity of the default judgment in its favor, since we know of the irregularity we think it appropriate, to forestall possible future difficulties, that opportunity now be afforded to have it rectified. Accordingly, while denying the appeal, we remand the case to the District Court with directions that it grant permission, if a request is made within twenty days of the remand, for plaintiff's counsel to achieve, within such reasonable time as the District Court may fix, either (1) a substitution of named individuals as real parties in interest to the action or (2) a ratification of the suit by the trustees for the time being of plaintiff association. See Rule 17(a) M.R.Civ.P.; 14 M.R.S.A. § 2.

The entry is:

Appeal denied; case remanded to the District Court with directions that, if a request is made within twenty days from the date of this order of remand, the District Court shall grant permission for plaintiff's counsel to achieve, within such reasonable time hereafter as the District Court may fix, a substitution of real parties in interest or an appropriate ratification, by the trustees for the time being of plaintiff association, of the commencement of the action.

POMEROY and DELAHANTY, JJ., did not sit.

---

3. As to defendants' other ground, that the named party in whose favor a default judgment is entered is an unincorporated association, such infirmity does not make the judgment void. It involves only the capacity of the party to sue and constitutes a procedural irregularity which need not be given cognizance by the court unless it is raised in the pleadings by "specific negative averment." Rule 9(a) M.R. Civ.P.