No. 81-415

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

———————

DALTON E. WELLMAN and ANNA M. WELLMAN,

Plaintiffs and Appellants,

vs.

E. G. WELLMAN, JOSEPHINE K. WELLMAN and
DONALD KENNETH WORLEY and SHARON CONNER
WORLEY,

Defendants and Respondents.

———————

Appeal from:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead
               Honorable Robert Sykes, Judge presiding.

Counsel of Record:

   For Appellants:

      Hash, Jellison, O'Brien and Bartlett, Kalispell, Montana

   For Respondents:

      Warden, Christiansen, Johnson and Berg, Kalispell,
      Montana

———————

Submitted on briefs: December 30, 1981

Decided: April 15, 1982

Filed: APR 15 1982

Thomas J. Kearney
_____
                          Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiffs appeal from an order of the District Court of the Eleventh Judicial District, Flathead County, granting defendants' motion to dismiss in this dispute over real property. Plaintiffs had attempted to attack a 1971 judgment, claiming that the District Court exceeded its jurisdiction by granting more relief than was sought in the pleadings.

In 1962, defendant E. G. Wellman and his late wife Jean, and plaintiffs Dalton and Anna Wellman received certain real property from Wellman Enterprises, a Montana corporation. These parties transferred the property to Shamrock, a Montana corporation, by warranty deed, in 1964. In 1971, E. G. Wellman brought an action against Dalton and Anna Wellman and Shamrock seeking: (1) to have the 1964 transfer of the real property to Shamrock voided for lack of consideration; (2) to have the District Court award "at least a one-half (1/2) interest in said property" to E. G. Wellman; and, (3) an order from the court restraining Dalton and Anna Wellman and Shamrock from disposing of or encumbering the property or the proceeds therefrom. A trial was held without a jury, defendants were not present, and their default was entered. In its subsequent judgment, the District Court concluded that: (1) the 1964 transfer to Shamrock was null and void; (2) the 1962 transfer was without consideration as far as Dalton and Anna Wellman were concerned; and, (3) E. G. Wellman was the sole owner of the property.

Dalton and Anna Wellman moved to set aside the default and judgment, apparently on the grounds of mistake, inadvertence, or excusable neglect, pursuant to Rule 60(b)(1), Mont.R.Civ.P. After a hearing in November 1971, the District Court denied

-2-

the motion, concluding that Dalton and Anna Wellman had shown "no mistake, inadvertence, or excusable neglect," or other reason for their default, and that granting the motion would unduly protract litigation and create a hardship for E. G. Wellman and those persons with intervening rights, who had relied on the judgment. The District Court found the evidence in support of the motion "completely insufficient" to move the court's discretion and justify setting aside the default and judgment of September 24, 1971. In 1972 the property was sold to Donald and Sharon Worley.

No further action was taken until February 27, 1981, when Dalton and Anna Wellman filed a complaint requesting that an undivided one-half interest in and to the real property be quieted in their name, or that the court require defendants E. G. Wellman and Josephine Wellman to account for all proceeds from the sale of the property and award plaintiffs one-half of all the proceeds, together with ten percent annual interest thereon. The basis for the complaint is plaintiffs' claim that the September 24, 1971 judgment naming E. G. Wellman sole owner and declaring the 1962 deed null and void as to the plaintiffs herein, is itself void because it grants relief beyond the scope of the pleadings. Plaintiffs argue that the District Court lacked jurisdiction to enter the order granting such relief because the 1971 complaint did not specifically pray for an order declaring void the 1962 deed and naming E. G. Wellman the sole owner of the property.

On June 23, 1981, the District Court granted defendants' motion to dismiss, stating in its order that jurisdiction of the parties in the 1971 dispute was proper and that the present lawsuit is an attempt to attack the 1971 judgment by

-3-

collateral issues which were finally determined over ten years ago.

The issue on appeal is whether the District Court erred in dismissing plaintiffs' complaint. We affirm the dismissal but on different grounds than those utilized by the District Court.

There exists no Montana case with facts specifically resembling those presented in this appeal. There are, however, two Maine cases which state the law and the policy grounds upon which our decision is based.

In Royal Coachman Color Guard v. Marine Trading (Me. 1979), 398 A.2d 382, the plaintiff filed a complaint alleging that the defendants had unlawfully seized a diesel engine. The defendants failed to answer the complaint and a default was entered against them for the amount of damages alleged by the plaintiff. The defendants thereafter filed a motion to set aside the judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect," pursuant to Rule 60(b)(1), Maine Rules of Civil Procedure. The motion was denied and an appeal from the denial was dismissed for failure to file the record on appeal within the proper time period. While their first appeal was still pending, defendants instituted a second attack on the default judgment, by filing a motion with a lower court which, this time utilizing Rule 60(b)(4), M.R.Civ.P., asserted that the default judgment was "void." The alleged "voidness" of the judgment was based upon the grounds that: (1) the clerk of the lower court acted in violation of Rule 55(b)(1), M.R.Civ.P.; and, (2) the lower court lacked jurisdiction to entertain the action because an unincorporated association may not, as such, bring a suit in the courts of Maine. The motion was denied and a second appeal was filed. Calling the attacks "collateral,"

the high court of Maine affirmed the denial, holding that the second attack was barred by res judicata. 398 A.2d at 383. In explanation, the Court stated:

> "This Court decided in Willette v. Umhoeffer [(Me. 1970), 268 A.2d 617] that res judicata precluded consideration of Rule 60(b) issues raised by an appellant in a second collateral attack upon a default judgment where the appellant was able to raise the issues in a first collateral attack but failed to do so. Here, when their first Rule 60(b) motion was brought and while it was pending, defendants could have brought to the attention of the [lower court] the 'voidness' issues now being asserted, but they did not do so. What we said in Willette v. Umhoeffer, is therefore controlling. Defendants will not be permitted to 'reserve a portion of . . .[their] alleged grounds in order to lay the basis for successive motions seeking the same relief.' 268 A.2d at 619."

The Court later stated:

> "The decision [in Willette] made plain that all legal issues must be finally resolved at some point. Once there has been full opportunity to present an issue for judicial decision in a given proceeding, including those issues that pertain to a court's jurisdiction, the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end." 398 A.2d at 384.

We adopt the reasoning of the Maine court and note that it is especially pertinent in the present case. Plaintiffs had a full opportunity to litigate the voidness issue in 1971 when they first moved to set aside the default judgment. They failed to do so. The doctrine of res judicata is founded upon the generally recognized public policy that there must be some end to litigation. The end for the plaintiffs in this case occurred more than ten years ago when they failed to raise the issue of jurisdiction and the District Court denied their first motion to set aside the default judgment. Affirmed.

John L. Sheehy
Justice

-5-

We Concur:

_____

_____
John Conway Harrison

_____

_____
Justices

-6-