No. 85-283

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

RICHARD A. COLE,

        Claimant and Appellant,

  -vs-

GREYHOUND LINES, INC.,

        Employer-Defendant and Respondent.

APPEAL FROM:  The Workers' Compensation Court, The Honorable
               Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Crowley, Haughey, Hanson, Toole & Dietrich; L. Randall
           Bishop argued, Billings, Montana

      For Respondent:

           Keefer Law Firm; Neil S. Keefer argued, Billings,
           Montana

Submitted: February 20, 1986

Decided: April 8, 1986

Filed: APR 8 - 1986

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Claimant, Richard A. Cole, appeals the May 10, 1985, order of the Workers' Compensation Court dismissing his petition for an emergency hearing on the issue of whether claimant's biweekly benefit payments should have been reinstated. We affirm the order of the court.

Cole was a bus driver for Greyhound. In 1978, he injured his back and leg while attempting to lift a bag from the cargo hold of a bus. Cole filed a Workers' Compensation claim. In its order of May 11, 1983, the Workers' Compensation Court declared Cole permanently totally disabled. The court further ordered that the parties attempt to agree on Cole's life expectancy, and the amount of an annuity which would reduce Cole's benefits to present value. If the annuity was over $48,500, Greyhound was ordered to pay it in a lump sum to enable Cole to invest in a business offering a reasonable likelihood of success. If the annuity was less than $48,500, Greyhound was to pay biweekly benefits.

On June 2, 1983, Cole requested a rehearing challenging the court's determination that his biweekly permanent total disability benefits must be reduced to present value when converted to a lump sum. The court denied Cole's request for a hearing on June 9, 1983. The parties agreed that Cole's life expectancy was 24 years and agreed to a payment. Cole was paid a lump sum of $60,170.69. He signed a satisfaction of judgment on July 14, 1983. The case was not appealed.

On November 1, 1984, this Court decided Willis v. Long Construction Co. (Mont. 1984), 690 P.2d 434, 41 St.Rep. 2050. In Willis, we held that a lump-sum award of Workers'

- 2 -

Compensation benefits cannot be discounted to present value. On November 30, 1984, Cole filed a petition for an emergency hearing to require Greyhound to reinstitute biweekly benefit payments on the basis of this Court's decision in Willis. On May 10, 1985, the Workers' Compensation Court dismissed Cole's petition in an order grounded on res judicata.

The issue on appeal is whether the doctrine of res judicata bars Cole from relitigating his lump-sum award based upon a subsequent change in the law regarding lump-sum awards.

Res judicata is a judicially-created doctrine which literally means a matter adjudged. A "final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated." 46 Am.Jur.2d Judgments § 394 (1969). We have stated that res judicata is applied to uphold the generally recognized public policy that there must be some end to litigation. Wellman v. Wellman (1982), 198 Mont. 42, 46, 643 P.2d 573, 576. While Workers' Compensation actions serve a different social policy than other civil litigation, that of providing benefits, there is still a need for finality. Moen v. Peter Kiewit & Sons' Co. (1982), 201 Mont. 425, 436, 655 P.2d 482, 487. It follows that res judicata applies to decisions of the Workers' Compensation Court.

Several exceptions to the doctrine of res judicata have been codified in the Restatement (Second) of Judgments § 28 (1982). Appellant argues that because of our decision in Willis, supra, the second of those exceptions should be applied to this case.

That exception is set forth as follows:

- 3 -

> § 28. Exceptions to the General Rule of Issue
> Preclusion Although an issue is actually litigated
> and determined by a valid and final judgment, and
> the determination is essential to the judgment,
> relitigation of the issue in a subsequent action
> between the parties is not precluded in the
> following circumstances:
>
> (2) The issue is one of law and . . . (b) a new
> determination is warranted in order to take account
> of an intervening change in the applicable legal
> context or otherwise to avoid inequitable
> administration of the laws . . .

The Restatement suggests that relitigation of a previously resolved issue in a subsequent action is warranted when the law changes between the original and subsequent action.

The authors of the Restatement at page 278 provide the following example to illustrate the intended application of § 28(2)(b) of the Restatement (Second) of Judgments.

> 4. A, a non-profit organization, brings an action
> against B, the tax commissioner, for a refund of
> property taxes on the ground that it is exempt as a
> charity. The court gives judgment for B, adopting
> a narrow definition of the charitable exemption.
> Shortly after, a higher court of the same
> jurisdiction grants a property tax refund to C, an
> organization quite similar to A, and in doing so
> formulates a much broader definition of the
> exemption. In a subsequent action by A against B
> for a refund of property taxes paid for the
> following year, A is not precluded from asserting
> that it is entitled to the charitable exemption.
> It does not matter that the nature of A's
> activities has not changed since the first action.

The taxpayer in the example did not seek to change his adverse result based upon the new holding. Instead, he sought to apply the new interpretation to a subsequent tax year. This is the kind of result effected by Restatement § 28(2)(b).

We refuse to apply the exception stated in § 28(2) of the Restatement to the case presently before us. No "subsequent action" has been filed. The doctrine of res judicata bars the reopening of claimant's original case. The

- 4 -

litigation has ended.    An award has been paid and an acknowledgement of satisfaction of judgment has been signed. The parties are entitled to a final judgment.

According to Wheeler v. Carlson Transport (Mont. 1985), 704 P.2d 49, 42 St.Rep. 1177,   a final judgment of the Workers' Compensation Court can only be reopened upon one of two conditions:    1)    the benefits may be changed, reviewed, diminished or increased only when "the disability of the claimant has changed."    Section 39-71-2909, MCA; and 2) a decision may be vacated and a new trial granted when the applicant's rights are materially affected by newly discovered evidence which could not, with reasonable diligence, have been discovered in time for the trial. Section 25-11-102(4), MCA.    Claimant fails to allege the existence of either of these conditions.

For the reasons set forth above, the decision of the trial judge is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

Justices

Mr. Justice William E. Hunt, Sr., dissenting:

The majority holds that the exception to res judicata found in the Restatement (Second) of Judgments § 28 (1960) does not apply in this case. I cannot agree. The situation in this case falls within the purview of the Restatement exception. Restatement (Second) of Judgments § 28 (1960) states:

> § 28. Exceptions to the General Rule of Issue Preclusion.
>
> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> . . .
>
> (2)(b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws.. . .

When Cole filed his claim, the Workers' Compensation Court decided a number of factual issues. The court found that Cole's disability was permanent and total. The court further found that Cole was entitled to a conversion of his biweekly benefits to a lump sum for the purpose of capitalizing a new business offering a reasonable likelihood of success. As appellant concedes, res judicata bars relitigation of these factual determinations. However, the decision to reduce Cole's lump-sum award to present value was purely one of law, no factual determinations were made. The court decided that as a matter of law Cole's lump-sum payment must be reduced to its present value. Subsequent to that decision, and in a different case, we held that lump-sum awards cannot be discounted to present value. Therefore, a

new determination is warranted in order to take account of that intervening change in the applicable legal context.

Further, a new determination is warranted in order to avoid inequitable administration of the laws. The reduction of a lump-sum award to its present value is inequitable. In Hall v. State Compensation Insurance Fund (Mont. 1985), 708 P.2d 234, 42 St.Rep. 1502, we held that the 1972 Mont. Const., Art. II, § 16 as applied to the Workers' Compensation Act gives workers a right to be made whole. In 1975, when the legislature considered and adopted an amendment eliminating the statutory requirement that lump-sum awards be discounted, abundant testimony was elicited that a worker who received his benefits in a lump sum could only be made whole by receiving the lump-sum payment undiscounted to present value.

Cole's undiscounted lump-sum payment would have been $217,152. The payment after discount was $75,670, a little over one-third of the undiscounted amount. His right to be made whole warrants reconsideration of this issue. In the interest of equitable administration of the laws, relitigation of appellant's claim to biweekly benefits is justified.

Instead of applying an analysis such as that just presented, the majority bases its decision on the language of the Restatement section which states that relitigation is not precluded "in a subsequent action between the parties." The majority's narrow interpretation of the phrase, "in a subsequent action," is inconsistent with both the spirit of Workers' Compensation law and the intention of the Restatement.

As the majority admits, Workers' Compensation actions serve a different social policy than other types of litigation, that of providing benefits. In cases such as this, where liability is not contested, the litigants seek a resolution of their disputes based upon the knowledge that the very purpose of the Workers' Compensation Act is to provide benefits. Yet Cole received merely a fraction of the amount he is now known to have been entitled to under the Act. Granting Cole's petition for emergency rehearing would uphold the policy behind the Workers' Compensation Act.

Further, the phrase, "in a subsequent action," should not be construed so narrowly as to frustrate the very intention of the framers of the Restatement exception. The authors of the Restatement include the following illustration of the application of § 28:

> 5. A, an employer, brings an action against B, a labor union, to enjoin a strike in breach of a collective bargaining agreement. The action is dismissed on the ground that a statute deprives the court of jurisdiction to issue such injunctions. In a subsequent case involving two different parties, the decision in A v. B is overruled and jurisdiction to enjoin such a strike is sustained. A is not precluded from asserting jurisdiction in an action to enjoin B _from continuing the same strike_, from engaging in another strike in breach of the same contract, or from engaging in a strike in breach of a subsequent contract. (Emphasis added.)

Restatement (Second) of Judgments § 28 at 278-9.

As this example illustrates, the "subsequent action" referred to in the Restatement includes the same parties seeking a different result in a continuing situation where there has been no change in the facts, but a significant change in the law. Just as an employer is not precluded, by a previous court ruling, from returning to court to enjoin the same ongoing strike, so too should Cole not be precluded,

- 8 -

by a previous court ruling, from returning to court to obtain a redetermination of his compensation award.

I cannot agree with the majority's holding that appellant's petition for an emergency rehearing constitutes a "subsequent action," thereby precluding application of § 28 of the Restatement.

_____
Justice

Mr. Justice John C. Sheehy, concurs in the above dissent:

_____
Justice