STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-87

~~DHM·KEN-8 ~~ 2002

PINEY HEIGHTS ROAD ASSOC.,

Plaintiff

v.

BRIAN RAWSON,

Defendant

**ORDER ON APPEAL**

DONALD L. GARBRECHT
LAW LIBRARY

SEP 3 2002

This matter is before the court on appeal from a small claims proceeding in the District Court. Plaintiff initiated a statement of claim seeking road repair fees set per 23 M.R.S.A. § 3101 *et seq.* and legal costs. Judgment was rendered by the court on behalf of the plaintiff in the amount of $2,290.40, the court specifically finding that, "The plaintiff properly followed the procedure of 23 M.R.S.A. § 3101-3104 and there is a rational basis for their assessment method. Damage are assessments for three years of $1,675 plus attorney fees of $615." Defendant filed a notice of appeal, not requesting a jury trial, but asserting specific points of appeal that the plaintiff did not follow the proper procedure of 23 M.R.S.A. § 3101-3104, the procedure included a formula which was arbitrary and unfair and that the statute is unconstitutional.

The most important conclusion by this court in an analysis of the arguments of law by the parties is that the plaintiff does not have the capacity to bring this action. While plaintiff argues that the issue was not preserved at the small claims proceeding and therefore is waived, the court disagrees. The defendant, acting pro se, repeatedly asserted the issue of the lack of incorporation by the plaintiff and thereby raised the issue of whether or not the plaintiff was in a proper legal position to sue for the assessment. The court did not respond with any ruling to that complaint. It is clearly

law in the State of Maine that both *Royal Coachman Color Guard v. Marine Trading &*
*Transportation, Inc., et al.,* 398 A.2d 382 (1979) and *Gulik, et al., v. Bd. of Environmental*
*Protection,* 452 A.2d 1202 ) (Me. 1982) make it clear that ". . . absent specific statutory
authorization, an unincorporated association has no capacity to sue or be sued in its
own name."[1] Therefore, the position of the defendant that the plaintiff is not a proper
party to bring this action and recover judgment is sustained as a matter of law.

However, as to the lack of jurisdiction in this court to render judgment on behalf
of a plaintiff without the capacity to sue, *Royal Coachman v. Marine Trading &*
*Transportation, Inc., et al.,* at 384 (quoting *Willette v. Umhoeffer,* 268 A2d 617 (1970) stating
". . . res judicata applies to the assertion of the 'voidness' of a judgment on the grounds
of the court's lack of jurisdiction. The decision made plain that all legal issues must be
finally resolved at some point. Once there has been full opportunity to present an issue
for judicial decision in a given proceeding, including those issues that pertain to a court's
jurisdiction, the determination of the court in that proceeding must be accorded finality
as to all issues raised or which fairly could have been raised, else judgments might be
attacked piece meal and without end". This treatment finds itself in the *Gulik* case. In
*Gulik,* the issue of capacity was not addressed by the party where the plaintiff was an
unincorporated association. The court, noting that the defense of lack of capacity is
waived unless raised in the pleadings nevertheless refused to allow the case to be
reported bearing the name of an unincorporated association. The court was satisfied

---

[1] *Gulik v. Bd. of Environmental Protection,* 452 A.2d at 1201. In addition, contrary to the records
of the plaintiff unincorporated association in this matter, 23 M.R.S.A. , ch. 305, sub. ch. II, § 3101-3104
does not create a road association, make no reference to a road association, nor provide the basis for the
creation of an organization known as a road association. Indeed, 1987 amendments to the statute contain
a provision not retained in the present statute that, "Before July 1, 1999, only owners who are members
of road associations incorporated as of March 1, 1998, may utilize the process set forth in this Act." P.L.
1997, c. 682, § 3.

that Ms. Gulik, as owner of property near the proposed development, had the capacity and therefore placed her name as plaintiff on the case. Under these circumstances, the court will make findings on issues under appeal.

The first assertion by the defendant is that plaintiff failed to follow the statutory procedure arguing that the statute must be strictly construed, that the plaintiff failed to prove that the meeting at which it elected a commissioner was properly called, that it failed to prove what repairs to the roads would be necessary and finally, that the plaintiff failed to initiate these actions in the name of the commissioner as required by statute. The court has already noted that these proceedings were not instituted in the proper name. The court agrees that the statute must be strictly construed but is satisfied that the "owners" have followed the statute.[2] Three persons shown by ownership of property on the tax records made appropriate application to a notary public to call the meeting, notice was sent to the persons named at the addresses listed, as well as posting of a public notice as required the statute. While the statute does require that the owners determine what repairs are necessary and materials to be furnished, section 3101 also authorizes the owners to decide, at such a meeting, the amount of money to be paid by each owner for the repairs.

The defendant argues that the plaintiff did not base its assessments on the "just" value of the property asserting that the assessment at issue in this case is a "tax." Whether or not this assessment is a tax, the statute is specific that the assessment is made on owners "in proportion to their interest," 23 M.R.S.A. § 3103. The reference to

---

[2] The only persons or legal entities who are afforded legal rights under this statute are the "owners of land benefitted by a private way or bridge in question." There is no statutory requirement for any type of association. The statute simply empowers, in the nature of an equitable proceeding, the color of law to properly share expenses of a common easement, right-of-way or bridge.

3

taxes in the statute provides that the warrant issued by notary public must be "in substance" such as required for collection of town taxes and that the commissioner "shall collect the same as town taxes are collected, and be liable for neglect of duty as town collectors are for similar neglect." 23 M.R.S.A. § 3103. Therefore, the Legislature has directed that the liability for sharing of the costs is based upon the interest of the property owners rather than the value of the property. Given the nature of the statutory scheme as an equitable proceeding to share costs, much like the equitable doctrine of contribution, the number of parcels of land or number of living units would have a greater relationship to the utilization of the right-of-way, in most if not many cases, than the just value of the property. Therefore, the legislative scheme just makes good common sense.

The defendant objects to the attempt by the plaintiff to collect expenses for road repairs incurred prior to July, 1999. From a reading of the statutory history, the court is satisfied that the defendant is liable for the assessments for the years 1999 and 2000 under 23 M.R.S.A. § 3101-3104 as it now exists but not for the assessment of 1998 because of the application language in the legislation, the collection must be obtained under a proceeding in existence prior to the effective date of July 1, 1999, and therefore would not be a proper subject of this small claims action.[3]

Defendant argues that the plaintiff's attempt to collect assessments for the year 2000 which were not approved and not due. The court is unclear as to the import of this argument inasmuch as minutes of the July, 2000 meeting are before the court clearly calling for the assessment.

---

[3] This is small solace to the defendant since similar proceedings for the appropriate assessment and determination of the amount of money to be paid by each owner of the repairs has been in existence since 1995.

The defendant disputes the collection of legal fees without documentation. The statute simply indicates under 23 M.R.S.A. § 3102 that if an owner, upon requirement of the road commissioner, neglects to pay their share, the other owners may meet the costs and the owners, or the commissioner, may initiate a civil action recovering those costs as well as "costs of suit and reasonable attorney's fees." This court must assume that such legal fees incorporated with the costs of suit would include all fees necessary to take that civil action to its final judgment. Under those circumstances, the provision of the affidavit at time of appeal is appropriate and consistent with the rules. Since this obviates the lack of evidence on the record submitted at time of the statement of claim, the correct legal point affords the defendant no relief.

Finally, this is a statutory action. This particular proceeding cannot be used for assessments prior to July 1, 1999. The capacity of the plaintiff must be addressed because of the specific requirements of 23 M.R.S.A. § 3104 that, "Money recovered under section 3102 and 3103 is for the use of such owners." A judgment in favor of the plaintiff would be meaningless.

Therefore, the entry will be:

The judgment of the small claims court of October 12, 2001, is REVERSED as to road repair expenses for 1998; the decision of the small claims court is AFFIRMED as to assessment of road repair expenses for 1999 and 2000; the matter is REMANDED to the District Court with instructions to remove the association's name from its position in the caption of this case and to substitute therefor, the name of Bruce R. Tisdale, Road Commissioner; plaintiff to recover all costs and reasonable attorney's fees in this action.

Dated: August _13_, 2002

Donald H. Marden
Justice, Superior Court

5

Date Filed __12/4/01__ ____Kennebec____ Docket No. __AP01-87__

County

Action __Appeal from District Court__

Small Claims

# J. MARDEN

__Piney Heights Road Association__ vs. __Brian Rawson__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jed Davis, Esq.<br>86 Winthrop Street<br>Augusta, Maine 04330 | 8 MORRILL LANE<br>MONMOUTH MAINE   04259<br><br>Curtis Webber, Esq.<br>PO BOx 190<br>Auburn Maine   04212 |

| Date of Entry | |
|---|---|
| 12/5/01 | Appeal from Southern Kennebec District Court with all papers, filed. |
| 12/6/01 | Notice of briefing schedule mailed to atty and Dft. |
| 12/20/01 | Transcript Order, filed. s/Webber, Esq.   (Copy) |
| 12/31/01 | Motion for Extension of Time to File Brief, filed. s/Webber, Esq.<br>Proposed Order, filed. |
| 1/3/02 | ORDER ON MOTION FOR EXTENSION, Marden, J.<br>Plaintiff's motion for extension to file his brief until 40 days after the transcript has been received, the transcript having been ordered on December 17th, is hereby GRANTED.<br>Copies mailed to attys of record. |
| 1/7/02 | Letter from attorney Webber, filed. |
| 1/25/02 | Copy of transcript order form mailed to Electronic Recording. |
| 1/29/02 | Copy of letter to Mr. Webber from Electronic Recording Division, filed.<br>Gayle Kinney, Supervisor |
| 2/14/01 | Letter from Electronic Recording Division, filed. s/Kinney, Supervisor. |
| 2/28/02 | Original Transcript, filed.   (filed 2/27/02) |
| 3/13/02 | Motion to Supplement Record on Appeal, filed. s/Webber, Esq.<br>Proposed Order, filed. |
| 3/27/02 | Plaintiff's Opposition to Defendant's Motion to Supplement Record on Appeal, filed. s/Davis, Esq. |
| 4/1/02 | Defendant's Reply to Opposition to Motion to Amend Record on Appeal, filed. s/Webber, Esq. |
| 4/8/02 | Appellant's Brief on Appeal, filed. s/Webber. Esq.<br><br>Notice of setting of hearing on motion to supplement on 5/1/02 at 8:30 a.m. sent to attys of record. |