*521 ¶1 Glenn Kolczak sought a ruling from the District Court that he no longer had an obligation to provide health insurance or to pay medical bills for his ex-wife, Faye Kolczak, pursuant to their written Stipulation As to Medical Insurance. The District Court concluded that the issue is res judicata. We affirm the District Court.
¶2 The sole issue we address on appeal is whether the District Court erred in concluding that the 1994 determination that Glenn is obligated to provide medical insurance for Faye is res judicata.
BACKGROUND
¶3 The District Court dissolved Glenn and Faye’s marriage by Decree of Dissolution on July 30,1990. The Decree of Dissolution adopted the parties’ June 19, 1990, Property Settlement, Child Custody, and Support Agreement (Agreement). Among other things, the Agreement provided that Glenn “maintain coverage for the benefit of the wife under his health insurance provided to him by his employer, and husband will be responsible for any additional payment of premium necessary to maintain wife under the described insurance.” The Agreement also provided that “It is agreed that no maintenance payment for wife is required.”
¶4 Following the Decree of Dissolution, Glenn maintained health insurance coverage for Faye through the policy provided to him as a benefit of his employment. COBRA limits the amount of time an employee may keep a former spouse on his or her employer-provided health insurance policy to three years. This meant that Faye could only be covered on Glenn’s employer-provided policy until June 30, 1993. At some point in 1993, Faye went to see a doctor and discovered she no longer had health insurance coverage.
¶5 On March 7, 1994, Glenn filed a motion seeking to modify the Agreement so he no longer would be required to maintain coverage for Faye under his health insurance provided to him by his employer. Glenn characterized the requirement to provide health insurance as a maintenance provision. He claimed it should no longer apply due to changes in circumstance. Before the District Court ruled on Glenn’s motion, the parties negotiated an oral stipulation whereby Glenn agreed to obtain and continue separate health insurance coverage for Faye. Pursuant to the oral stipulation, Faye submitted her proposed Findings of Fact, Conclusions of Law and Order, which the District Court signed on May 26, 1994.
¶6 Glenn and Faye entered into a written Stipulation As to Medical Insurance (Stipulation) on August 16,1994, in which Glenn agreed to *522 pay for Faye’s health insurance under a new policy. The District Court subsequently adopted the stipulation. The relevant portions of the Stipulation provide that (1) the District Court’s Findings of Fact, Conclusions of Law and Order filed May 26, 1994, require Glenn to continue to provide medical insurance coverage for Faye; and (2) that Faye would accept a Blue Cross policy with a $2500 deductible and 100% medical coverage thereafter, but with no dental or optometric coverage, in exchange for Glenn’s agreement to pick up the entire $2500 deductible. No termination date was specified. Glenn then resumed his coverage of Faye’s health insurance as provided for in the Stipulation. The District Court never had an opportunity to rule on Glenn’s “changes in circumstance” argument. However, we note that in the Decree as well as in the May 26,1994 Order, Glenn’s obligation to pay for Faye’s medical coverage was characterized as a property disposition rather than maintenance.
¶7 Glenn retired from his employment in March of 2001. In July of that year he had an attorney attempt to change the Blue Cross policy to a less expensive HMO. Glenn continued to pay Faye’s medical insurance and bills for seven months after his retirement, until October of2001. On November 21,2001, Faye received notice that her insurance coverage through Blue Cross had been terminated as of November 2001. Thereafter Faye filed a Petition for Contempt and Request for Hearing, asking the District Court to hold Glenn in contempt, require him to pay her outstanding medical bills, and resume her health insurance coverage pursuant to the Stipulation. Glenn sought a ruling from the District Court that he no longer had an obligation to provide health insurance or to pay medical bills for Faye under the parties’ Stipulation. Glenn argued that pursuant to the parties’ Decree of Dissolution, his liability to provide Faye with medical insurance should have terminated when he could no longer provide it through his employer, which, pursuant to COBRA, was limited to three years from the date the marriage was dissolved.
¶8 The District Court disagreed with Glenn, finding that his effort to end coverage was res judicata. The District Court ordered Glenn to continue to provide Faye with medical insurance coverage and medical expense payments as provided in the Stipulation and to pay all of Faye’s medical expenses not paid by insurance incurred on or after entry of the Decree of Dissolution. Glenn appeals from the District Court’s Order.
*523 STANDARD OF REVIEW
¶9 We review a District Court’s conclusions of law to determine whether the court’s interpretation of the law was correct. Marriage of Kovash (1995), 270 Mont. 517, 521, 893 P. 2d 860, 863.
DISCUSSION
¶10 Did the District Court err in concluding that the 1994 determination that Glenn is obligated to provide medical insurance for Faye is res judicata?
¶11 Res judicata bars a party from relitigating a matter that the party has already had the opportunity to litigate. Watkins Trust v. Lacosta, 2004 MT 144, ¶ 26, 321 Mont. 432, ¶ 26, 92 P.3d 620, ¶ 26. The doctrine of res judicata applies if the following four elements have been satisfied: (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the persons are the same in reference to the subject matter and to the issues between them. Watkins Trust, ¶ 27.
¶12 Glenn argues that at the time the District Court entered its Findings, Conclusion and Orders in 1994, Glenn had not yet retired from employment and therefore did not have the right to terminate the insurance that was based on his employment. Because the issue of the duration of Glenn’s obligation to pay Faye’s medical insurance was not addressed at that time, Glenn argues it is not res judicata.
¶13 The District Court concluded that although Glenn did not raise the issue of the effect of COBRA in 1994, he could have. In 1994, rather than argue that his obligation to pay for Faye’s medical coverage be limited by COBRA or the Decree, he argued that the health insurance provision was in the nature of maintenance and should be deleted in the face of changed circumstances. The District Court stated that nothing prevented Glenn from arguing COBRA at that time, and surmised that had he done so the outcome may have been different.
¶14 We agree with the District Court. The doctrine of res judicata bars not only issues that were actually litigated, but also those that could have been litigated in a prior proceeding. Mills v. Lincoln County (1993), 262 Mont. 283, 286, 864 P.2d 1265, 1267. A party should not be able to litigate a matter that the party already had the opportunity to litigate. Sheffield Ins. v. Lighthouse Properties (1992), 252 Mont. 321, 324, 828 P.2d 1369, 1371. This notion arises from public policy designed to prevent endless piecemeal attacks on previous judgments. *524 Wellman v. Wellman (1982), 198 Mont. 42, 45-46, 643 P.2d 573, 575. Glenn could, and perhaps should, have raised the COBRA issue relating to the duration of his obligation in 1994. He did not do so. Instead, he entered into a stipulation to continue to provide insurance coverage with no termination date and the District Court entered an order based on the stipulation. Glenn is barred by the doctrine of res judicata from raising the COBRA issue now.
¶15 We affirm the District Court.
CHIEF JUSTICE GRAY, JUSTICES LEAPHART, NELSON and WARNER concur.