**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TODD KOLSTAD,

        Plaintiff - Appellant,

  v.

CYNDI BAILLARGEON; CRYSTAL
WHITMORE,

        Defendants - Appellees.

No. 25-2106

D.C. No.
4:24-cv-00085-SPW

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted November 6, 2025
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Todd Kolstad appeals the district court's dismissal of his Fourteenth

Amendment, 42 U.S.C. § 1983 claims as barred by collateral estoppel. We have

jurisdiction under 28 U.S.C. § 1291. "We review de novo the dismissal of a claim

pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as the district court's

issue preclusion ruling." *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

610, 624 (9th Cir. 2020) (citations omitted). We affirm.

1. The district court did not err in determining that there was a final judgment on the merits in the state court proceedings. *See Denturist Ass'n of Mont. v. Mont. Dep't of Lab. & Indus.*, 372 P.3d 466, 469 (Mont. 2016) (discussing the elements of collateral estoppel under Montana law). Under Montana Code § 41-3-437, a state court "may make an adjudication on a petition under 41-3-422 if the court determines by a preponderance of the evidence . . . that the child is a youth in need of care." Mont. Code Ann. § 41-3-437(2). "If a child is found to be a youth in need of care under 41-3-437, the court may enter its judgment" and make various "dispositions to protect the welfare of the child" under Montana Code § 41-3-438 including "order[ing] the placement of the child with the noncustodial parent, superseding any existing custodial order, and dismiss[ing] the proceeding with no further obligation on the part of the department to provide services." *Id.* § 41-3-438(3)(d).

Here, after finding the child to be a youth in need of care, the state court dismissed the case pursuant to Montana Code § 41-3-438(3)(d). That section explicitly contemplates dismissal as a final disposition. *See* Mont. Code Ann. § 41-3-438(3)(d); *see also In re M.J.*, 296 P.3d 1197, 1201 (Mont. 2013) ("A [state] court has several dispositional options once a child is found to be a youth in need of care. Those options are set forth in § 41-3-438[.]"). Hence, there was no error in

the district court's determination.

2. The district court did not err in determining that the issue of whether the child was a youth in need of care was actually litigated in the state court and that Kolstad had a full and fair opportunity to litigate the issue. The state court adjudicated the child as a youth in need of care "based on the evidence set forth at the hearing and in the record," and concluded that there was "sufficient evidence presented to establish, by a preponderance of evidence, that" the child met the statutory definition of a youth in need of care. Kolstad neither objected to these findings nor appealed the state court's decision. That Kolstad stipulated his child was a youth in need of care does not mean the issue was not actually litigated. *See* Mont. Code Ann. § 41-3-434(1)(a) ("Subject to approval by the court, the parties may stipulate [that] . . . the child meets the definition of a youth in need of care by the preponderance of the evidence[.]"); *cf. In re Marriage of Kolczak*, 97 P.3d 1091, 1094 (Mont. 2004) ("A party should not be able to litigate a matter that the party already had the opportunity to litigate.").

**AFFIRMED.**[1]

---

[1] The motion for judicial notice (Dkt. No. 19) is **DENIED**. The motion to strike (Dkt. No. 21) is **DENIED**.

25-2106