No. 90-371

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

LEONARD F. THOMAS,

  Plaintiff and Appellant,

 -vs-

DONNA E. HALE,

  Defendant and Respondent.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy M. McCarter, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

  Leonard F. Thomas, Pro Se, Helena, Montana

  For Respondent:

  James R. Halverson, Esq., Attorney at Law, Billings,
Montana

Submitted on Briefs: November 15, 1990

Decided: December 13, 1990

FILED
'90 DEC 13 AM 10 44
ED SMITH, CLERK
MONTANA SUPREME COURT
Filed

_____
     Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

The District Court, in and for the First Judicial District, Lewis and Clark County, entered summary judgment in defendant's favor. Plaintiff appeals and we affirm.

On appeal, Thomas has enumerated ten issues for review. Many of these issues overlap, some are not briefed and still others are not dispositive of the case. Therefore, we restate the issues as follows:

1. Whether the District Court erred in granting summary judgment in Hale's favor on the issue of constructive fraud.

2. Whether the District Court erred in granting summary judgment in Hale's favor on the issue of visitation interference.

On August 31, 1989, Leonard Thomas (Thomas) sued Donna L. Hale (Hale) alleging fraud and visitation interference. Thomas filed this suit as a result of Hale's February 22, 1989 expert testimony in a separate dissolution proceeding between Thomas and his ex-wife Nancy Thomas Erler in which Thomas sought to amend the dissolution decree regarding Thomas' visitation rights with R., their daughter. Hale is R.'s counselor and, in that capacity, Hale gave opinions on visitation during the dissolution proceeding. Specifically, Hale testified that R.'s school performance had declined since the time that Thomas had reinitiated visitation with R. following an eight-year absence. Thereafter, on February 27, 1989, the court amended its previous order by increasing Thomas' summer visitation rights from one week to two weeks and restricting

overnight visits for a period of five months.

Following the February 27, 1989 order, Thomas filed three motions with the court alleging that Hale's testimony regarding R.'s school performance was erroneous and asked for a rehearing. Thereafter, by agreement of the parties, the venue of the Thomas v. Thomas case was changed to Lewis and Clark County. A hearing was held on Thomas' motions beginning on October 19, 1989, and continuing on October 23, 1989. At that hearing, testimony was presented by R.s' teachers on the issue of R.'s school performance which corroborated Hale's previous expert testimony which Thomas disputed. Thomas' motions and the hearings which followed culminated in the District Court's Findings of Fact, Conclusions of Law and Order dated January 5, 1990. The District Court specifically found that Rita Bertelson, R.'s teacher for the 1988-89 school year, testified that R. was having difficulty in school and was often upset. The District Court vacated the two previous orders and awarded Thomas visitation rights with R. "one day each week for two and one-half hours after school and shall further have visitation one weekend day, two times each month, from 9:00 a.m. until 5:00 p.m." The court also stated it would review the matter in 120 days to determine if visitation should be extended.

Meanwhile, on August 31, 1989, as a result of the February 27, 1989 order which prompted Thomas' motion for a rehearing, Thomas also filed the instant case in which he contended the order was "adverse" to him and was improperly founded on Hale's allegedly

perjured testimony regarding R.'s school performance and that, therefore, Hale was liable for constructive fraud and visitation interference. The parties submitted briefs and argued, and on June 28, 1990 the District Court issued its final order granting summary judgment on all issues in Hale's favor. From this order Thomas appeals. We affirm. Additional facts pertaining to each issue will be discussed as necessary.

The first issue for review is whether the District Court properly granted summary judgment in Hale's favor on the issue of constructive fraud.

Summary judgment should be granted if the moving party successfully carries its burden to establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. To satisfy its burden of proof, the movant must provide the court with evidence which clearly indicates what the truth is, and which excludes any real doubt as to the existence of a genuine issue of material fact. Van Uden v. Hendricksen (1980), 189 Mont. 164, 167, 615 P.2d 220, 222. Once the movant has discharged this burden of proof, the party opposing the matter must come forward with substantial evidence raising a genuine issue of material fact. Rule 56(e), M.R.Civ.P.; Riley v. Carl (1981), 191 Mont. 128, 622 P.2d 228. Further, the non-moving party must set forth specific facts and cannot simply rely upon their pleadings, nor upon speculative, fanciful, or conclusory statements. Simmons v.

Jenkins (1988), 230 Mont. 429, 432, 750 P.2d 1067, 1069. Then, applying these standards of review, this Court will not reverse a district court's summary adjudication unless such order is clearly erroneous resulting in an abuse of discretion. Walker v. Larson (1986), 223 Mont. 333, 335, 727 P.2d 1321, 1322-23.

Section 28-2-406, MCA, defines constructive fraud as:

> (1) any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault or anyone claiming under him by misleading another to his prejudice or to the prejudice of anyone claiming under him; or
>
> (2) any such act or omission as the law especially declares to be fraudulent, without respect to actual fraud.

In the lower court Thomas argued that Hale committed constructive fraud because she allegedly misrepresented to the court the facts of R.'s school performance while testifying in the capacity as R.'s social worker at a February 22, 1989 hearing. Thomas attempted to satisfy the first element of constructive fraud by arguing that this alleged misrepresentation constituted a breach of a legal duty which Hale owed Thomas. The lower court granted summary judgment on this issue in favor of Hale.

Now Thomas argues that summary judgment was not proper because there existed a genuine issue of a material fact regarding Hale's alleged misrepresentation. Here Thomas has concluded, based on his own speculation and opinion rather than substantial objective evidence contained in the record, that Hale's February 22, 1989

5

testimony was untrue. Thomas' speculation, in and of itself, is not enough to carry the burden required in order to preclude summary judgment.

On the other hand, we find that Hale has satisfied her burden of proof as required by Rule 56(c), M.R.Civ.P. A review of the record shows that Hale's testimony that R.'s grades had dropped was corroborated by R., herself, and later by R.'s grade school teacher as well as by an affidavit from R.'s mother. The District Court found that Hale's testimony regarding R.'s school performance was not perjured and that, therefore, no cause of action existed. Since these findings are supported by the record, we adopt them. Therefore, we find that no genuine issue of material fact exists, and that Hale was entitled to judgment as a matter of law. As such, we hold that the District Court properly granted summary judgment in Hale's favor on the issue of constructive fraud.

The last issue is whether the District Court properly granted summary judgment in Hale's favor on the issue of visitation interference.

Thomas argues that Hale aided and assisted R.'s mother Nancy in attempting to prevent, obstruct, and frustrate Thomas' visitation rights. Thomas bases his argument, again, on allegations that Hale's testimony was perjured.

Section 45-5-631, MCA, makes visitation interference a crime. That section states in pertinent part: "(1) A person who has legal custody of a minor child commits the offense of visitation

6

interference if he knowingly or purposely prevents, obstructs, or frustrates the visitation rights of a person entitled to visitation under an existing court order." Thomas urges that a civil cause of action exists for visitation interference and that Hale is liable. The pleadings and evidence in the record fail to demonstrate any act committed by Hale that could be attributed to visitation interference. The facts are clear. Hale was hired to counsel R. Hale testified in court as to her observations and professional opinions. Thomas' mere allegations, absent any substantiation by objective evidence, that Hale lied and collaborated with Nancy, without more, do not support a cause of action for visitation interference. Thomas had ample opportunity at the hearing to cross-examine Hale and present contrary evidence which might have precluded summary judgment but chose not to do so. Furthermore, Hale's testimony supported continued visitation by Thomas subject to a temporary restriction. Therefore, we hold that Hale was entitled to summary judgment on the issue of visitation interference. The District Court is hereby affirmed.

### Sanctions

Thomas' parental and visitation rights have been the subject of at least five separate legal actions or proceedings within the last two years. These issues originally arose in the dissolution proceeding between Thomas and his ex-wife Nancy in which Thomas sought to amend the dissolution decree regarding visitation rights.

7

Then came the case initiated by Nancy and her ex-husband, Mark Erler, in an attempt to terminate Thomas' parental rights and to establish the relationship of parent and child between Erler and R. In the third action, Thomas sued Nancy and Mark and their attorney for malicious prosecution and abuse of process in having brought the adoption action. Next came the action Thomas initiated against Hale alleging constructive fraud and visitation interference stemming from her testimony at a hearing held in the dissolution action. The fifth and last proceeding is the appeal now before this Court. Throughout the course of these numerous proceedings Nancy was represented by counsel while Thomas primarily appeared pro se. All but one of these proceedings were initiated by Thomas. Thomas claims that his motives for initiating these court proceedings were to establish and foster a loving parent-child relationship with R., his daughter. Ironically, these proceedings have created an environment of hatred and has caused more grief and heartache than any tender-aged child, such as R., should ever have to endure. Each of these proceedings has caused unnecessary distress both emotionally as well as financially on behalf of all parties involved. This in turn has had a profound adverse effect on R.'s well-being. We wish to put an end to Thomas' abuse of the judicial system.

As we have previously stated, "It is important for the sake of the litigants and for the judicial system that litigation will at some time be finally ended." Lussy v. Dye (1985), 215 Mont. 91,

93, 695 P.2d 465, 466.  When an appeal, such as this one, is taken without substantial or reasonable grounds, we conclude that sanctions are appropriate.  Searight v. Cimino (1989), 238 Mont. 218, 223, 777 P.2d 335, 337.  Pursuant to Rule 32, M.R.App.P., we therefore impose damages on Leonard F. Thomas in the amount of $250 to be paid to the District Court.

John Conway Harrison<br>Justice

We concur:

John C. Sheehy

William E. Hunt Sr.

R. C. McDonough

Justices