No.   93-23-I

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

RITA I. JOHNSON and
DUANE L. JOHNSON,
Wife and Husband,

        Plaintiffs and Appellants,

JACK REHBERG, President,
JOYCE RANDALL, Vice-President,
SECURITY FEDERAL SAVINGS BANK,
formerly Known as SECURITY
FEDERAL SAVINGS AND LOAN,

        Defendants and Respondents.

**FILED**

SEP -- 9 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Maurice R. Colberg, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Rita I Johnson and Duane L. Johnson, Pro Se,
        Gig Harbor, Washington

    For Respondents:

        Earl J. Hanson; Hanson & Todd, Billings, Montana

Submitted on Briefs:  August 26, 1993

Decided:  September 9, 1993

Filed:

_____
          Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Rita I. Johnson and Duane L. Johnson appeal pro se from the memorandum and order of the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment to Jack Rehberg, Joyce Randall, and Security Federal Savings Bank, and from the judgment entered thereon. We affirm.

The only issue properly before us is whether the District Court erred in granting summary judgment.

Rita I. and Duane L. Johnson (the Johnsons) borrowed money from Security Federal Savings Bank and signed notes evidencing the debt; the notes were secured by a mortgage and a trust indenture. Both the mortgage and the trust indenture required the Johnsons to keep the building and improvements insured against hazards, and to reimburse the bank for the cost of any insurance it had to provide to keep continuous insurance coverage in place for the premises.

In 1988, the bank was notified that the insurance policy covering the Johnsons' property would not be renewed: the policy expired on April 8, 1988. Pursuant to the terms of the mortgage and trust indenture, the bank acquired and paid for coverage for the property. The bank informed the Johnsons that their monthly payments would increase to reflect the insurance premium the bank had paid.

The Johnsons refused to pay the additional amounts and eventually defaulted on the trust indenture. A foreclosure sale was held and the property was sold to the bank.

On August 1, 1990, the Johnsons filed a pro se complaint against the bank and two of its officers, Jack Rehberg and Joyce Randall (collectively Security Federal). The complaint essentially alleged wrongful foreclosure of the mortgage and trust indenture. Security Federal answered and discovery began.

Security Federal subsequently moved for summary judgment and filed affidavits, documents and depositions in support of its motion. The Johnsons filed a memorandum in opposition to the motion in which they reasserted the bases for their complaint; they included certain attachments in purported support of the "Statement of Facts" contained in the memorandum. On March 8, 1993, the District Court granted Security Federal's motion for summary judgment. It determined that the Johnsons had raised no genuine issue of material fact and that Security Federal was entitled to judgment as a matter of law. Judgment was entered accordingly. The Johnsons appealed.

We note that the Johnsons attempt to raise a number of issues that are not relevant to the question of whether the District Court erred in granting summary judgment. We do not address these issues, but confine ourselves to applying the well-settled rules relating to summary judgment.

Rule 56(c) of the Montana Rules of Civil Procedure provides that, upon motion, summary judgment shall be rendered if the pleadings, filed discovery and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The moving party has the

initial burden of establishing the absence of any genuine issue of material fact and entitlement to judgment as a matter of law: once that burden is met, the party opposing the motion must come forward with substantial evidence raising a genuine issue of material fact, and the nonmoving party cannot simply rely on its pleadings or on speculative or conclusory statements. Thomas v. Hale (1990), 246 Mont. 64, 66-67, 802 P.2d 1255, 1256-57.

Here, the Johnsons' complaint was premised on their claim that the mortgaged property was at all times covered by insurance provided by them. They alleged throughout the proceedings that they had timely obtained an insurance binder covering the property from Allstate Insurance Company and that Security Federal knew of the binder in April, 1988. On the basis of that binder, the Johnsons claimed that they did not default and, therefore, that they were not obligated to pay the increase in their mortgage payments resulting from Security Federal obtaining alternate insurance coverage. Thus, they asserted that the foreclosure was wrongful.

Security Federal established by affidavits and deposition that it was notified that the Johnsons' insurance would not be renewed, that that coverage expired on April 8, 1988, and that it obtained and paid for alternative coverage for the property. The alternative coverage remained in effect until late September of 1988, when Security Federal first received an insurance binder-- back-dated to April 4, 1988--on the Johnsons' property from Allstate: it had no notice of the binder before that date. The

4

deposition testimony of the insurance agent who obtained and issued the back-dated binder established that he received the initial request for the binder on or about September 28, 1988, and that no binder existed until that time. Security Federal further established that it had the right, pursuant to the mortgage and trust indenture, to increase the Johnsons' mortgage payments to cover the amount of insurance premiums it had paid, and that the Johnsons did not pay those amounts.

Security Federal met its initial burden of establishing the absence of any genuine issue of material fact relating to the Johnsons' complaint against it. While the Johnsons continued to assert that the property was at all times covered by insurance provided by them, and that Security Federal knew of the Allstate binder in April, 1988, they did not come forward with affidavits, documents or discovery establishing those facts or any genuine dispute regarding those facts.

The Johnsons argue on appeal that the District Court did not consider a letter "from our agent Mack Morrison of Tacoma stating the effective date [of the binder] as April [1988]." The letter does not support the Johnsons' statement. It merely recites that in April, 1988, the Johnsons contacted Mack Morrison, an Allstate agent in Tacoma, with regard to how they could insure their Billings residence with Allstate. The letter neither states nor implies in any way that coverage was obtained at that time.

The Johnsons had the burden of coming forward with substantial evidence raising a genuine issue of material fact; they could not

5

rely on either allegations contained in their pleadings or conclusory statements. <u>Thomas</u>, 802 P.2d at 1257. They did not meet their burden.

We hold that the District Court did not err in granting summary judgment to Security Federal Savings Bank, Jack Rehberg, and Joyce Randall.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

AFFIRMED.

_____
Justice

We concur:

_____

_____

_____

_____
Justices