**FILED**

10/11/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0018

DA 16-0018

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 254

---

T. WARREN SCHWEITZER and INGELA SCHNITTGER,

      Plaintiffs and Appellants,

    v.

CITY OF WHITEFISH,

      Defendant and Appellee.

---

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 14-1117
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Sharon M. Morrison, Morrison & Frampton, PLLP, Whitefish, Montana

      For Appellee:

          Tammy Wyatt-Shaw, Marcel A. Quinn, Hammer, Quinn & Shaw PLLC, Kalispell, Montana

---

          Submitted on Briefs:  August 31, 2016

                  Decided:  October 11, 2016

Filed:

                            Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 T. Warren Schweitzer and Ingela Schnittger (Appellants) appeal the order of the Eleventh Judicial District Court, Flathead County, granting the City of Whitefish's (City) cross-motion for summary judgment. We restate the issue on appeal as follows:

> *Did the District Court err by granting summary judgment on the basis of claim preclusion?*

¶2 We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Appellants own Lots 28 and 29 of the Houston Lake Shore Tracts located, at 2154 Houston Drive, in Whitefish. This property is adjacent to Whitefish Lake, which the City has annexed. Appellants have owned this property for several years.

¶4 In 2005, Appellants decided to tear down their home and build a new house on the property. The building plans called for replacing the existing septic tank and leach field. Contractors and architects on the project advised Appellants they could hook up to the City's water and sewer services if the property was annexed into the City. Consequently, Appellants petitioned the City for annexation of their property, and their petition was granted, in November 2005. Later, Appellants learned they would be required to pay for the extension of water and sewer lines to the property. Finding the cost to be prohibitive, Appellants abandoned this option.

¶5 In 2010, Appellants petitioned to have their property de-annexed, citing their nonuse of city services and the higher property taxes in the City. Their petition was denied by the City Council, and they commenced a declaratory action in the District

2

Court, challenging the decision. The Appellants did not serve their complaint within three years as required by M. R. Civ. P. 4. The District Court dismissed the 2010 complaint on the basis of lack of service under Rule 4 and on the ground the statute of limitations for Appellants' claims, set forth in § 27-2-209(5), MCA, would bar any re-filed action. The dismissal was entered in August 2014, with prejudice, and was not appealed.

¶6 A month later, Appellants filed another petition with the City for de-annexation of their property, citing: 1) their nonuse of city services; 2) the higher taxes in the City; 3) the purported lack of contiguous city property; and 4) the termination of an interlocal agreement between the City and Flathead County. In 2005, the City and County had entered an interlocal agreement regarding City planning and zoning authority over land near Whitefish Lake where the Appellants' and their neighbors' properties were located. *See Phillips v. City of Whitefish*, 2014 MT 186, ¶¶ 8-12, 375 Mont. 456, 330 P.3d 442. Flathead County passed a resolution to withdraw from the agreement in 2008, leading to negotiation of a new agreement in 2010. *Phillips*, ¶¶ 10-11. Litigation ultimately ensued, resulting in termination of the agreement and the loss of city planning and zoning jurisdiction over the area not within the City. The City's jurisdiction over the Appellants' property did not change because it had been annexed by the City.

¶7 The City Council denied Appellants' second petition for de-annexation, noting Appellants' property was within an area that was the City's "first priority for annexation"

3

and finding it would be in the City's best interests to deny the request.[1]  Appellants then filed another declaratory action in the District Court challenging the denial of their second petition, and served their complaint upon the City, who raised claim preclusion as a defense.  The District Court held the Appellants' action was barred by claim preclusion and entered summary judgment, reasoning:

> The relevant facts in the first lawsuit are the same as those in this lawsuit. The issue continues to be whether the City Council proceeded contrary to [§] 7-2-4805, MCA.  The substantive facts remain the same even though Plaintiffs pled the legal claims slightly differently.  Reframing issues or raising novel contentions does not avoid *res judicata* preclusion.  The facts must differ substantially.  [(Internal citations omitted).]

¶8      Appellants appeal.

### STANDARD OF REVIEW

¶9      We conduct a *de novo* review of summary judgment orders and conduct the same analysis as does a district court under Rule 56, M. R. Civ. P.  *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 36, 345 Mont. 12, 192 P.3d 186.  Summary judgment is granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  M. R. Civ. P. 56; *Lorang*, ¶ 37.  "A material fact is a fact that involves the elements of the cause of action or defense at issue to an extent that necessitates resolution of the issue by a trier of fact."  *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200.  "The party moving for summary judgment has the initial burden of establishing both the absence of genuine issues of material fact and entitlement to judgment as a matter of law."  *Roe*, ¶ 14.  If the moving party has met its burden then the

---

[1] The City has acted to annex the Houston Lake Shore Tracts area, where Appellants' property is located, and a legal challenge to that annexation action is pending before the courts.

burden shifts to the non-moving party and "the non-moving party must set forth *specific facts*" to establish the existence of a genuine issue of material fact. *Thomas v. Hale*, 246 Mont. 64, 67, 802 P.2d 1255, 1257 (1990) (emphasis in original); *Roe*, ¶ 14. The non-moving party "cannot simply rely upon . . . [its] pleadings, nor upon speculative, fanciful, or conclusory statements" to establish a genuine issue of material fact. *Thomas*, 246 Mont. at 67, 802 P.2d at 1257. If no genuine issue of material fact exists, then we, like a district court, determine if the moving party is entitled to judgment as a matter of law. *Roe*, ¶ 14.

¶10    A district court's application of the "doctrine of *res judicata* [or claim preclusion] is a question of law." *Thornton v. Alpine Home Ctr.*, 2001 MT 310, ¶ 10, 307 Mont. 529, 38 P.3d 855. We review this question of law *de novo* and examine a district court's interpretation and application of the doctrine as it has been established by this Court. We examine a district court's application of claim preclusion for correctness. *Brilz v. Metro Gen. Ins. Co.*, 2012 MT 184, ¶ 13, 366 Mont. 78, 285 P.3d 494.

**DISCUSSION**

¶11    *Did the District Court err by granting summary judgment on the basis of claim preclusion?*

¶12    Claim preclusion provides finality and "embodies 'a judicial policy that favors a definite end to litigation.'" *Asarco LLC v. Atl. Richfield Co.*, 2016 MT 90, ¶ 15, 383 Mont. 174, 369 P.3d 1019 (quoting *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267). Historically, we have analyzed claim preclusion under a four-part test requiring: 1) the parties or their privies are the same; 2) the subject matter of the

5

present and past actions is the same; 3) the issues are the same and relate to the same subject matter; and 4) the capacities of the persons are the same in reference to the subject matter and to the issues between them. *Brilz*, ¶ 22; *Berlin v. Boedecker*, 268 Mont. 444, 451, 887 P.2d 1180, 1185 (1994); *Brannon v. Lewis & Clark Cnty.*, 143 Mont. 200, 207-08, 387 P.2d 706, 711 (1963); *State ex rel. Sullivan v. School Dist.*, 100 Mont. 468, 472, 50 P.2d 252, 253 (1935). The third element contains a nuance—that preclusion extends to an issue that could have been raised, and the parties had an opportunity to litigate, in the first action. *See Fisher v. State Farm Gen. Ins. Co.*, 1999 MT 308, ¶ 10, 297 Mont. 201, 991 P.2d 452; *First Bank v. Dist. Ct. for Fourth Judicial Dist.*, 226 Mont. 515, 737 P.2d 1132 (1987).

¶13    Implicitly, this test also requires the first action end with a final judgment on the merits. *Meagher Cnty. Newlan Creek Water Dist. v. Walter*, 169 Mont. 358, 361, 547 P.2d 850, 852 (1976) ("The doctrine of res judicata states that a final judgment on the merits by a court of competent jurisdiction is conclusive as to causes of action or issues thereby litigated."); *Sullivan* 100 Mont. at 473, 50 P.2d at 253 ("[T]he judgment there rendered on the merits is binding between the same parties or their privies as to all matters there decided."). *See also Touris v. Flathead Cnty.*, 2011 MT 165, ¶ 15, 361 Mont. 172, 258 P.3d 1 (dismissal of an action with prejudice "was a final judgment on the merits for purposes of res judicata."); *Hawkes v. Mont. State Dep't of Corr.*, 2008 MT 446, ¶ 19, 348 Mont. 7, 199 P.3d 260 ("An order of dismissal with prejudice is a final judgment on the merits."); *Phoenix Mut. Life Ins. Co. v. Brainard*, 82 Mont. 39, 44, 265 P. 10, 12 (1928) (res judicata applies when "the same point was in issue upon the former

6

trial."). In *Brilz*, we stated the requirement of a final judgment on the merits as a fifth element of the test. *Brilz*, ¶ 22 ("and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.").

¶14 Neither party contests the satisfaction of elements one and four. The parties agree they are the same litigants, and their capacities are the same in reference to the subject matter and the issues between them. We have no reason to disagree. We also concur with the District Court's conclusion that the "dismissal of the earlier action . . . with prejudice on the basis of the running of the statute of limitations was a judgment." As noted above, "[a]n order of dismissal with prejudice is a final judgment on the merits." *Hawkes*, ¶ 19. Therefore, the fifth element is satisfied.

¶15 Under the second element (same subject matter), Appellants argue their 2010 complaint sought a declaration that the annexation was void because the City failed to furnish water and sewer services, and that § 76-3-510, MCA, which assesses costs for the extension of local services, applies only to subdividers, not to private individuals. Appellants contend their 2014 complaint not only challenged the City's failure to provide water and sewer services, but also arose from a change in the zoning jurisdiction over the surrounding properties. The City responds that both claims arose from the denial of Appellants' de-annexation petitions, which is the key fact.

¶16 We have explained the subject matter element is focused on the underlying factual basis and whether the two cases arose from the same set of material facts. *Touris*, ¶ 17; *State ex rel. Harlem Irrigation Dist. v. Mont. Seventeenth Judicial Dist. Ct.*, 271 Mont. 129, 133-34, 894 P.2d 943, 945 (1995). *Harlem Irrigation* is illustrative. There, the

7

plaintiffs filed an action against the irrigation district alleging damages caused by the district's termination of their water supply. *Harlem Irrigation*, 271 Mont. at 130-131; 894 P.2d. at 943. After dismissal of that action, the plaintiffs filed another action against the district alleging wrongful denial of water on later occasions over a period of years. *Harlem Irrigation*, 271 Mont. at 131; 894 P.2d at 944. Despite the differing occasions, we found the subject matter element was satisfied because the claims boiled down to the same key fact, which we described as "the District's failure to provide water." *Harlem Irrigation*, 271 Mont. at 134; 894 P.2d at 945. Similarly, in the action before us, both cases arose from the City's denial of the Appellants' petitions for exclusion. Both of the Appellants' declaratory complaints have the same basic factual underpinnings: 1) the Appellants' voluntary petition for annexation; 2) the City's annexation of the property; 3) the Appellants' decision not to pay for the extension of services to their property; 4) the Appellants' petition for exclusion; and 5) the City's denial of the petition. We conclude the subject matter element is satisfied because the same substantial facts underlie both proceedings initiated by the Appellants.

¶17   Under the third element, the issue must likewise be the same and be related to the same subject matter. We begin with Appellants' de-annexation requests. Appellants' 2010 and 2014 petitions to the City listed similar issues and reasons for their requests, including: 1) an objection to the cost of extending water and sewer lines to the property; 2) a complaint about a change in property value; 3) the level of the City's taxes; and 4) a statement that Appellants had not received any city services in exchange for taxes they had paid. Likewise, Appellants' 2010 and 2014 declaratory complaints were also similar.

8

The primary claim in the 2010 complaint sought declaratory judgment and was titled: "DECLARATORY JUDGMENT THAT CITY'S REJECTION OF PLAINTIFFS' PETITION FOR DE-ANNEXATION IS VOID FOR FAILURE TO CONFORM TO STATUTORY REQUISITES." The primary claim in the 2014 complaint sought declaratory judgment and was titled: "DECLARATORY JUDGMENT THAT PLAINTIFFS' PETITION FOR EXCLUSION MET THE STATUTORY REQUISITES OF § 7-2-4805, MCA, TO SUPPORT A RESOLUTION OF INTENT TO EXCLUDE LAND." The gravamen of both complaints was that the City failed to follow the requirements of § 7-2-4805, MCA, which governs the process of excluding land from a municipality. Additional claims in each of the two declaratory complaints were directly premised on this initial claim.

¶18 Appellants' second de-annexation petition and second declaratory complaint also raised the issue of the termination of the interlocal agreement between the City and Flathead County. Appellants argue this new issue demonstrates the third element is lacking, and that claim preclusion cannot occur. Under the interlocal agreement, the area surrounding the Appellants' annexed property was likewise placed under the City's zoning authority. Appellants assert that, after the interlocal agreement was terminated, their property became "an island" of City property, surrounded by land under Flathead County jurisdiction.[2] However, we conclude this was not a material fact for purposes of

---

[2] The City contests this factual issue, and notes that the City Council's Resolution denying the second de-annexation petition stated that Appellants' lots "are currently within the corporate limits, not on the border and wholly surrounded by the City of Whitefish." However, for purposes of summary judgment review, we accept Appellants' factual assertion.

either issue similarity or summary judgment. Since 2005, when Appellants' property was annexed, the jurisdiction of the City over their property has not changed. On each occasion when Appellants sought de-annexation, the City expressed its continuing objective to annex the area in which Appellants' property was located, describing the area as its "first priority for annexation" in response to the second petition, and noting that granting Appellants' request would be contrary to the City's goals.[3] While termination of the interlocal agreement may have given Appellants another argument to make in support of their petition, it did not materially alter the issue before the District Court, which was the same issue raised in the first action: that the City had failed to comply with § 7-2-4805, MCA.

¶19 We conclude the issues presented in both cases were the same and related to the same subject matter. All elements of our claim preclusion test are thus satisfied, barring Appellants' claim. Summary judgment was appropriately entered by the District Court, and we affirm.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA

---

[3] The City Manager stated, in response to the first petition, "[w]e should try to annex more properties in this vicinity and other areas of Whitefish rather than exclude these properties already inside city limits."