No. 85-388

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

MURLAND W. SEARIGHT AND VIRGINIA
SEARIGHT,

        Plaintiffs and Respondents,

    -vs-

MICHAEL CIMINO,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Eleventh Judicial District,
            In and for the County of Flathead,
            The Honorable J.M. Salansky, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hash, Jellison, O'Brien & Bartlett; James C. Bartlett,
        Kalispell, Montana

    For Respondent:

        John H. Bothe, Columbia Falls, Montana

_____

Submitted on Briefs: March 13, 1986

Decided:  May 13, 1986

Filed:    MAY 13 1986

_____
                 Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Cimino appeals from a judgment entered against him in the District Court for Flathead County. The judgment enforced a contract provision which required Mr. Cimino to pay part of the construction costs for an airstrip. We affirm.

The issues are:

1. Did the court properly rule that paragraph 14 C of the parties' contract for deed obligated Mr. Cimino to pay half the airstrip construction costs?

2. Did the court err in setting the amount due from Mr. Cimino to the Searights?

In July 1979 the Searights agreed to sell Mr. Cimino a parcel of real property located north of Columbia Falls, Montana, under a contract for deed. Alleging that Mr. Cimino had failed to make scheduled payments on time, the Searights sought to enforce the default provisions of the contract. A lawsuit ensued, ultimately resulting in full payment by Mr. Cimino and reinstatement of the contract by the District Court.

In this separate action, the Searights seek to enforce paragraph 14 C of the contract. That paragraph provides that Mr. Cimino will pay half the costs of construction of an airstrip to be built across Northfork Road from his property, on the Searight property. The case was tried to the court sitting without a jury in April 1984, and in May 1985, judgment for $9,247 plus interest was entered in favor of the Searights.

I

Did the court properly rule that paragraph 14 C of the parties' contract for deed obligated Mr. Cimino to pay half the airstrip construction costs?

2

Paragraph 14 C provides:

> Sellers have plans to construct an air strip on the land in Section 7 lying West of the Northfork Road, commencing at approximately the Northwest corner of said Section. Purchaser agrees that if Sellers do construct such air strip, with appropriate taxi ways, turnouts and parking areas, he will contribute fifty (50) percent of the cost, his share not to exceed $15,000.00 toward such construction costs which sum may be added to the balance at that time due on this Contract. In consideration of such payment Purchaser shall be entitled to the free use of said air strip so long as it is in existence, which right shall continue so long as Sellers own said property and Sellers shall secure said right to Purchaser in the event they sell the property on which the air strip is constructed. If Sellers do not complete construction of said air strip by January 1, 1984 this provision shall be null and void.

Mr. Cimino argues that he is not obligated to contribute to the costs of building the airstrip for several reasons.

First, he states that construction of the airstrip was not fully completed on January 1, 1984 and that appropriate taxiways, turnouts, and parking areas were not provided. This Court will not overturn a district court's finding of fact which is supported by substantial credible evidence. Rose v. Rose (Mont. 1982), 651 P.2d 1018, 1020, 39 St.Rep. 1971, 1974. Mr. Searight testified at the hearing that these conditions of paragraph 14 C were met. Mr. Cimino failed to present any evidence to the contrary. We affirm the District Court's finding that the Searights completed construction of the airstrip in accord with the terms and conditions of the contract for deed.

Next, Mr. Cimino argues that the purpose of the contract was frustrated and the consideration on the part of the Searights failed because the airstrip is open to general public access. It is true that Mr. Searight testified that

3

the airstrip is open to public use, "at own risk." Mr. Cimino contends that a purpose of paragraph 14 C, by its terms, is that the airstrip will be available only to him and the Searights. The District Court did not rule on this question. We find nothing in paragraph 14 C to support Mr. Cimino's position. In the absence of proof to support this contention, we conclude that the contract was not breached by allowing other parties access to the airstrip.

Mr. Cimino also attempts to raise defenses to enforcement of the contract. He cites the Searights' knowledge that he built his own airstrip following the previous litigation, points out that this action was commenced before work on the Searight airstrip was completed, and describes the amounts listed as expenses for construction of the Searight airstrip as "padded." He contends that Mr. Searight breached a duty to act in good faith and deal fairly in the performance and enforcement of the contract, that specific performance (ordering him to pay half the construction costs) is not appropriate because the Searights have unclean hands, and that the Searights should be barred from obtaining enforcement of the contract under a theory of promissory estoppel, based on their position in the previous action. Mr. Cimino neither presented witnesses nor mustered persuasive evidence in support of any of these defenses when he presented them to the District Court, and his arguments are not persuasive now.

The District Court found, from the evidence before it:

> [t]hat the Defendant, Michael Cimino, prior to executing the aforesaid Contract for Deed, advised Plaintiffs that he did not wish to have an airstrip constructed on the piece of real property that he was purchasing and offered to pay one-half of the construction costs if the Plaintiffs built the airstrip on their real property adjoining that parcel sold to the Defendant. That the Plaintiffs had intended

4

on constructing an airstrip on one of their parcels of real property as Plaintiff, Murland Searight, is a professional pilot and intended on utilizing the North Ford [sic] airstrip in his business activities. That the airstrip was constructed for the benefit of both Plaintiffs and Defendant, and at no time has the Defendant ever notified plaintiffs of his intention not to utilize the airstrip.

There was also evidence that, when Mr. Cimino paid off the balance on the contract for deed, he paid, without objection, $1,450 toward airstrip construction costs which had been submitted to him at that time. The District Court concluded that Mr. Cimino was bound by the terms of the parties' contract, including paragraph 14 C, and that "[i]t is immaterial to Defendant's contract obligations that he chose to build his own air field, and it is immaterial which of the parties commenced construction of their air field first." We conclude that Mr. Cimino has not proven any reason to excuse him from performance under paragraph 14 C of the contract.

We affirm the District Court's conclusion that Mr. Cimino was obligated under the contract to pay half the cost of construction of the airstrip.

II

Did the court err in setting the amount due from Mr. Cimino to the Searights?

At the hearing, Mr. Searight testified as to the expenses incurred in constructing and preparing the airstrip. He submitted construction bills in support of his testimony. He did much of the work himself, and stated that he based the amounts of his charges on estimates from other contractors. While Mr. Cimino questions the amounts of Mr. Searight's charges, he presented no evidence of proper charges for the work. The District Court found:

5

[t]hat the Plaintiffs completed the airstrip in accord with the terms and conditions of the aforesaid Contract for Deed. The plaintiffs have incurred a total of $18,494.00 in the construction of the airstrip, of which the Defendant has made no payments. Prior to incurring said amount of $18,494.00, there were costs in the construction of the airport in the amount of $2,900.00, and the parties shared equally in said costs. Pursuant to Paragraph 14 C, the Defendant, Michael Cimino, agreed to pay one-half of the amounts Plaintiffs incurred which totals $9,247.00.

We conclude that there is substantial credible evidence to support the finding of the District Court as to the amount Mr. Cimino owes as his share of the airstrip construction costs.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6