No. 89-192

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

MURLAND W. SEARIGHT and
VIRGINIA SEARIGHT,

        Plaintiffs and Appellants,

  -vs-

MICHAEL CIMINO,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Murland W. Searight, Columbia Falls, Montana

    For Respondent:

        James C. Bartlett; Hash, O'Brien & Bartlett,
        Kalispell, Montana

---

                    Submitted on Briefs:  June 8, 1989

                          Decided:  July 19, 1989

Filed:

                        Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Searights appeal from an order of the District Court for the Eleventh Judicial District, Flathead County, denying their motion to vacate judgment and imposing sanctions against the defendant, Mr. Cimino. We affirm the District Court's denial of the motion, and further assess damages against the appellants pursuant to Rule 32, M.R.App.P., for the filing of an appeal without substantial or reasonable grounds.

The Searights present several issues for our review but we find it necessary only to address the issue of whether the District Court properly denied appellants' motion to vacate judgment and impose sanctions. Because we answer this question affirmatively, we will not discuss the remaining issues raised by appellants.

This case has a lengthy history. The Searights initiated a cause of action against Mr. Cimino in 1981, seeking to enforce the terms of a contract for deed requiring Mr. Cimino to pay half the cost of an airstrip constructed on the Searights' land. On May 14, 1985, judgment was entered in favor of the Searights, and on appeal this Court affirmed. Searight v. Cimino (1986), 718 P.2d 652, 43 St.Rep. 810.

Mr. Cimino then sought to enforce the terms of the contract for deed granting him the right to use the airstrip. In July of 1986, he filed a motion to cause appellants to execute an airport easement pursuant to Rule 70, M.R.Civ.P., which provides in relevant part:

> If a judgment directs a party to execute a convey-
> ance of land or to deliver deeds or other documents
> or to perform any other specific act and the party
> fails to comply within the time specified, the
> court may direct the act to be done at the cost of
> the disobedient party by some other person

appointed by the court and the act when so done has like effect as if done by the party.

The Searights resisted defendant's motion, arguing that the previous judgment entered did not contain any reference to an easement which could be enforced by invoking Rule 70, M.R.Civ.P. The Searights acknowledged defendant's right to use the airstrip as set forth in the contract for deed, but argued that the granting of an easement was not contemplated either by the contract or by the District Court's judgment so that defendant's motion should be dismissed. The Searights also requested sanctions against Mr. Cimino under Rule 11, M.R.Civ.P.

The District Court held a hearing on the motion to cause the execution of the easement, and ruled that a written easement needed to be prepared and recorded. Following a later hearing on the Searights' motion for sanctions, the District Court found that an easement had been prepared and recorded by the Searights' attorney. The court further found that the motion for sanctions "appears to be harassment on Mr. Searight's part." The court denied sanctions against Mr. Cimino, and on its own motion, imposed sanctions against the Searights of $100.

The Searights then filed a motion to alter or amend the judgment, arguing that Rule 70, M.R.Civ.P., was inappropriate to enforce a judgment granting an easement which never exist-ed. The District Court denied the motion, reasoning that:

> The thrust of Plaintiffs' argument is to relitigate the issue of easement. Since plaintiffs have already signed and recorded the easement the point is moot.

On appeal, this Court refused to disturb the actions of the parties in putting the easement on record. Searight v.

3

Cimino (Mont. 1988), 748 P.2d 948, 45 St.Rep. 46. This conclusion was reached based upon the absence of a record of the hearing on Mr. Cimino's motion to require execution of an easement, and the absence of proof of whether an order was issued or whether the parties were simply told to work it out. This Court also affirmed the levying of sanctions against the Searights, but refused to award damages for a frivolous appeal under Rule 32, M.R.App.P. 748 P.2d at 952.

On March 10, 1989, after appointing himself as counsel, Mr. Searight filed a motion to vacate judgment and impose sanctions in the District Court. The motion requested that the court, pursuant to its authority under Rule 12(h)(3), M.R.Civ.P., and Rule 60(b)(4), M.R.Civ.P., vacate all orders, decrees, and judgments entered in the action arising from Mr. Cimino's motion to cause appellants to execute an airport easement. Mr. Searight contended that the District Court lost subject matter jurisdiction of the case after entry and satisfaction of its final judgment in the first action and had no power to order the granting of an easement. Mr. Searight also requested that sanctions be imposed against Mr. Cimino pursuant to Rule 11, M.R.Civ.P. The District Court summarily denied the motion. It is from this denial that the Searights appeal.

I

Did the District Court properly deny appellants' motion to vacate judgment and impose sanctions?

Appellants contend that the District Court was without subject matter jurisdiction to hear and determine the easement issue because final judgment had been rendered in the prior decision and that judgment included no reference to an easement which could have been enforced under Rule 70, M.R.Civ.P.

4

Appellants argue that all orders and judgments rendered as to the easement issue must be vacated, citing Crawford v. Pierse (1919), 56 Mont. 371, 375-76, 185 P. 315, 317-18:

> It is elementary that when the judgment-roll upon its face shows that the court was without jurisdiction to render the particular judgment, its pronouncement is in fact no judgment. It cannot be enforced. No right can be derived from it. All proceedings founded upon it are invalid and ineffective for any purpose. . . . An affirmance of such a judgment on appeal cannot make it valid. (citations omitted).

In response, Mr. Cimino argues that appellants are merely attempting to relitigate the easement issue, and that because they have already had the opportunity to raise a jurisdictional challenge, the doctrine of res judicata applies to preclude further litigation of this matter, citing Wellman v. Wellman (1982), 198 Mont. 42, 643 P.2d 573:

> Once there has been full opportunity to present an issue for judicial decision in a given proceeding, including those issues that pertain to a court's jurisdiction, the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end. (Emphasis supplied).

643 P.2d at 575, citing Royal Coachman Color Guard v. Marine Trading (Me. 1979), 398 A.2d 382, 384.

Contrary to appellants' contentions that Wellman is distinguishable we conclude that it controls. In Wellman, appellants attempted to attack a judgment rendered ten years prior to the appeal, contending that the District Court exceeded its jurisdiction by granting more relief than was sought in the pleadings. In affirming the lower court's dismissal, this Court said:

5

> Plaintiffs had a full opportunity to litigate the voidness issue in 1971 when they first moved to set aside the default judgment. They failed to do so. The doctrine of res judicata is founded upon the generally recognized public policy that there must be some end to litigation. The end for the plaintiffs in this case occurred more than ten years ago when they failed to raise the issue of jurisdiction and the District Court denied their first motion to set aside the default judgment.

643 P.2d at 575-76.

In the present case, appellants had the same opportunity to raise the voidness issue when Mr. Cimino first filed his motion to cause execution of an airport easement. They did in fact object to the District Court's ability to enforce an easement under Rule 70, M.R.Civ.P., in their motion to alter or amend the judgment following disposition of the easement issue. They further raised the specific issue of lack of subject matter jurisdiction in their Petition for Rehearing after this Court's opinion in the matter. Because the substance of appellants' challenge to the District Court's actions has remained the same, it is apparent they are merely attempting to relitigate issues which have already been decided by invoking different labels by which to contest the proceedings, one of which is subject matter jurisdiction. We will not allow appellants' characterization of their claim to hinder application of the doctrine of res judicata, and the prevention of protracted litigation.

Furthermore, the District Court's handling of the easement issue was compelled by the actions of the appellants themselves. While it is not clear from the record whether the District Court ordered an easement be granted or told the parties to "work it out," the District Court's findings indicate that appellants were uncooperative and that Mr. Cimino's attorney was left with three alternatives:

6

(a) to do nothing and have this matter continue indefinitely without resolution;

(b) to breach the Code of Professional Responsibility and communicate directly with Mr. Searight; or

(c) to seek relief through the Court.

The District Court found that Mr. Cimino's attorney chose the only alternative that was reasonably available to him, namely, to file a motion asking the court to compel an easement be drawn and recorded.

Even if the relief sought by Mr. Cimino was beyond the scope of the original pleadings in the first proceeding, we hold that a jurisdictional challenge to the court's actions will nevertheless be barred by the doctrine of res judicata under this Court's holding in Wellman. We affirm the District Court's order denying appellants' motion to vacate and impose sanctions. Because we conclude that this appeal is taken without substantial or reasonable grounds and that appellants are merely attempting to relitigate the easement issue, we impose damages in the amount of $500 pursuant to Rule 32, M.R.App.P.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7