NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   MT-13-1412-KuPaJu |
| ) | |
| DARREL LINN MOSS, ) | Bk. No.   12-61093 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| SHARON BOYCE; KYEANN SAYER, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| RICHARD JOSEPH SAMSON, Chapter ) | |
| 7 Trustee; DARREL LINN MOSS, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Submitted Without Argument
on March 20, 2014[**]

Filed – April 3, 2014

Appeal from the United States Bankruptcy Court
for the District of Montana

Honorable Ralph B. Kirscher, Chief Bankruptcy Judge, Presiding

Appearances:    Appellants Sharon Boyce and Kyeann Sayer, pro se,
on brief; Richard Joseph Samson, Chapter 7
Trustee, pro se, on brief.

Before: KURTZ, PAPPAS and JURY, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]By order entered January 9, 2014, the Panel determined that this appeal was suitable for submission without oral argument.

## INTRODUCTION

This appeal arises from a bankruptcy court order disposing of two distinct matters.

In the first, Richard J. Samson, chapter 7[1] trustee, objected to the proof of claim filed by Sharon Boyce and Kyeann Sayer. In his claim objection, Samson argued that Boyce and Sayer's claim should be disallowed because the Montana District Court for the County of Missoula, Fourth Judicial District, had entered a final judgment against Boyce and Sayer on all of the causes of action on which Boyce and Sayer based their proof of claim. The bankruptcy court agreed with Samson and disallowed the claim.

In the second, Boyce and Sayer sought, in essence, a declaration that the judgment entered by the Missoula County District Court was void as a violation of the automatic stay and, hence, that a real property transfer the District Court had voided as a fraudulent transfer had validly conveyed title to the subject real property to Boyce and Sayer. The bankruptcy court denied Boyce and Sayer's requested relief for two reasons: (1) Boyce and Sayer should have sought the requested relief in an adversary proceeding rather than in a contested matter, and (2) the District Court's judgment was not entered in violation of the automatic stay.

Boyce and Sayer challenge on appeal the bankruptcy court's

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

disposition of both matters. Because the bankruptcy court did not commit reversible error in ruling on these matters, we AFFIRM.

## FACTS[2]

Debtor Darrel Linn Moss, formerly licensed to practice law in Montana, conducted business through his law firm known as Moss & Associates, P.C. ("MAPC"). Boyce and Sayer were the sole members of a Montana limited liability company known as Tupi Plain, LLC. ("Tupi"). In September 2009, Tupi retained MAPC to defend Tupi in a pending state court lawsuit, <u>Loken Builders, Inc. V. Tupi Plain, LLC, et al.</u>, Missoula County District Court Case No. DV-06-1036.

In July 2010, MAPC sued Tupi, Boyce and Sayer in the Missoula County District Court, Case No. DV-10-961, for nonpayment of its legal fees arising from its representation of Tupi in the <u>Loken Builders</u> lawsuit. Over the course of the next two years, the Missoula County District Court entered a series of orders and judgments in MAPC's lawsuit ultimately culminating in a final judgment entered on July 26, 2012, in the amount of $101,181.34, against Tupi, Boyce and Sayer.

Understanding what the Missoula County District Court ruled in these orders is essential to our resolution of this appeal. In March 2011, the Missoula County District Court entered a default judgment against Tupi in the amount of $49,267.87. In

---

[2]Unless otherwise indicated, the facts set forth herein are drawn from the bankruptcy court's memorandum of decision entered on August 13, 2013. Most of the facts are not subject to genuine dispute, and Boyce and Sayer have not challenged any of the recited facts in their opening brief.

3

response to the default judgment, in April 2011 Boyce and Sayer filed a motion to set it aside and in November 2011 a separate motion to vacate the default judgment as void. The Missoula County District Court denied both motions. Boyce and Sayer also filed two appeals with the Montana Supreme Court seeking to set aside or reverse the default judgment, as well as a petition for writ of supervisory control. The Montana Supreme Court dismissed the appeals and denied the petition, without prejudice to Boyce and Sayer filing a timely appeal after the Missoula County District Court entered a final judgment in MAPC's lawsuit.

Shortly after entry of the default judgment against Tupi, MAPC amended its complaint. In the amended complaint, MAPC alleged that Boyce and Sayer caused Tupi to transfer its only asset, a residence located on Gerald Avenue in Missoula, Montana, and that this transfer should be voided as a fraudulent transfer under Montana law. The amended complaint also contained a separate cause of action seeking to pierce the limited liability company veil between Tupi on the one hand and Boyce and Sayer on the other hand.

In response to the amended complaint, Boyce and Sayer filed separate but nearly identical answers and counterclaims against MAPC for breach of contract, malpractice, breach of fiduciary duty and fraud. Sayer's counterclaims also included an extra counterclaim for intentional infliction of emotional distress. Boyce and Sayer then filed third party complaints against Moss, which mirrored their counterclaims. As the counterclaims and third party claims demonstrate on their face, they all arose from MAPC's representation of Tupi in the Loken Builders lawsuit.

4

Over the next several months, the parties filed numerous motions. Some of these motions related to discovery disputes, while others sought to dispose of the parties' claims, counterclaims and third party claims.

On February 16, 2012, the Missoula County District Court entered its "Opinion and Order re: Pending Motions." In this order, the Missoula County District Court resolved all of the outstanding motions and, in fact, disposed of all of the pending claims, counterclaims and third party claims. The only aspect of the lawsuit not resolved by the February 2012 order was MAPC's entitlement to an award of attorney's fees and costs.

In relevant part, the February 2012 order granted Moss's motion for judgment on the pleadings with respect to all of Boyce and Sayer's third party claims against Moss. The Missoula County District Court acknowledged that Boyce and Sayer voluntarily dissolved Tupi in January 2011 but held that Tupi nonetheless remained a distinct business entity under Montana law, separate from its members Boyce and Sayer for purposes of winding up Tupi's affairs. The District Court further held that, to the extent Boyce and Sayer sufficiently pled third party claims against Moss, these third party claims on their face belonged to Tupi, not to Boyce and Sayer, and Boyce and Sayer could not pursue these claims on Tupi's behalf.

Additionally, the February 2012 order granted MAPC summary judgment on its fraudulent transfer and alter ego claims against Boyce and Sayer, voided the transfer of the Gerald Avenue residence, and adjudged Boyce and Sayer jointly and severally liable for the same amount of damages (plus interest, costs and

5

attorney's fees) it had awarded against Tupi in the March 2011 default judgment.

On July 19, 2012, the Missoula County District Court entered an order awarding MAPC attorney's fees of $43,584 and costs of $1,646.97. In a final judgment entered on July 26, 2012, the District court aggregated all of the amounts awarded in favor of MAPC and against Tupi, Boyce and Sayer, for a grand total of $101,181.34. On July 30, 2012, Moss recorded in the official records of Missoula County a document entitled "Notice of Entry of Judgment Affecting Title to Real Property," which document excerpted the portion of the District Court's February 2012 order that had voided the transfer of the Gerald Avenue residence.

On August 27, 2012, Boyce and Sayer filed in the Montana Supreme Court a notice of appeal seeking review of the Missoula County District Court's July 2012 judgment, the July 2012 fee award, the February 2012 order and the March 2011 default judgment. Subsequently, however, Boyce and Sayer requested a voluntary dismissal of their appeal, which request the Montana Supreme Court granted on September 24, 2012.

On July 3, 2012, just prior to the entry of the July 2012 fee award and the July 2012 judgment in MAPC's lawsuit, Moss commenced his chapter 7 case, and Samson was appointed to serve as chapter 7 trustee. On Samson's request, the bankruptcy court set a claims bar date, and Boyce and Sayer filed their joint proof of claim asserting entitlement to an allowed claim against

Moss's bankruptcy estate in the amount of $533,000.[3]  On its face, the proof of claim identified as the basis of the claim the third party claims they had filed against Moss in MAPC's state court lawsuit.  Indeed, Boyce and Sayer even attached copies of their third party claims to their proof of claim.  Boyce and Sayer later filed an amended proof of claim recalculating the total amount claimed at $440,000.  However, the amended proof of claim otherwise was no different than their initial proof of claim.  The claim still was based on the third party claims Boyce and Sayer had asserted in the state court lawsuit.

Samson thereafter filed his claim objection.  In essence, the trustee pointed out that the Missoula County District Court had ruled against Boyce and Sayer on their third party claims, that the District Court's judgment was final, and that Boyce and Sayer could have but failed to prosecute an appeal challenging the District Court's judgment and specifically its February 2012 ruling on the third party claims.  Consequently, Samson argued, the proof of claim should be disallowed because it was based on the same third party claims the Missoula County District Court had rejected in February 2012.

In response, Boyce and Sayer contended that the July 2012 judgment was void, as were the March 2011 default judgment, the

---

[3]We could not find a copy of Boyce and Sayer's initial proof of claim in either party's excerpts of the record.  Accordingly, we obtained a copy of that proof of claim by accessing the bankuptcy court's electronic claims register for case no. 12-61093-RBK.  We take judicial notice of the filing and contents of Boyce and Sayer's initial proof of claim.  See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957–58 (9th Cir. 1989).

7

February 2012 order, the July 2012 fee award and the July 2012 final judgment.

The parties agreed to submit their dispute over the claim objection to the bankruptcy court based on the parties' exhibits and briefs. The parties additionally agreed to the admission into evidence of all of their respective exhibits.[4]

On August 13, 2013, the bankruptcy court entered its order and a separate memorandum of decision sustaining Samson's claim objection and disallowing Boyce and Sayer's claim. The bankruptcy court held that Boyce and Sayer had failed to establish that any of the Missoula County District Court's orders or judgments were void. The bankruptcy court also held that the Missoula County District Court had fully and finally adjudicated Boyce and Sayer's third party claims and that the District Court had rejected each of those claims. Consequently, the bankruptcy court reasoned, Boyce and Sayer's proof of claim, which was based on precisely the same third party claims, was barred under the

---

[4]Samson also filed a request that the bankruptcy court take judicial notice of the filing and contents of four of the Missoula County District Court's orders. In both the bankruptcy court and on appeal, Boyce and Sayer strenuously have opposed this request for judicial notice. Boyce and Sayer seem to misapprehend the purpose and effect of a judicial notice request. They seem to believe that the act of granting judicial notice established the legal effect and validity of the documents. This is not how judicial notice works. Granting judicial notice merely established that the subject documents were on file in the District Court and what was set forth in those documents. See Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992). In any event, the judicial notice issue is irrelevant to the resolution of this appeal because Boyce and Sayer stipulated to the admission of these same documents as exhibits.

doctrines of issue preclusion, claim preclusion and the <u>Rooker-Feldman</u> Doctrine.

The bankruptcy court's order and memorandum decision also addressed and resolved Boyce and Sayer's Motion to Remove Void Judgement, filed on March 26, 2013. In that motion, Boyce and Sayer in essence sought a judicial declaration that the Missoula County District Court's entry of the July 2012 judgment was void as a violation of the automatic stay and that title to the Gerald Avenue residence remained vested in Boyce and Sayer. Boyce and Sayer further sought to render ineffective Moss's notice of entry of judgment, recorded on July 30, 2012, in the official records of Missoula County, which notice excerpted the portion of the District Court's earlier ruling voiding the transfer of the residence to Boyce and Sayer as a fraudulent transfer.

The bankruptcy court denied the motion for two reasons. First, the bankruptcy court held that the motion should have been commenced and prosecuted as an adversary proceeding under Rule 7001, et seq. And second, the bankruptcy court held that the District Court's ruling voiding the subject real property transfer did not violate the automatic stay.

Boyce and Sayer timely filed their notice of appeal on August 22, 2013.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Did the bankruptcy court commit reversible error when it

9

sustained Samson's claim objection and disallowed Boyce and Sayer's claim?

2. Did the bankruptcy court commit reversible error when it denied Boyce and Sayer's motion to remove void judgment?

## STANDARDS OF REVIEW

The ultimate decision of the bankruptcy court to disallow a claim is reviewed de no novo. <u>Continental Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)</u>, 671 F.3d 1011, 1019-20 (9th Cir. 2012). The legal conclusions the bankruptcy court relied upon in disallowing the claim also are reviewed de novo. <u>Id.</u> However, the bankruptcy court's predicate findings of fact are reviewed under the clearly erroneous standard. <u>Id.</u> And these findings of fact are clearly erroneous only if they are illogical, implausible, or lacking support in the record. <u>Retz v. Sampson (In re Retz)</u>, 606 F.3d 1189, 1196 (9th Cir. 2010).

We also review de novo the bankruptcy court's interpretation of the Federal Rules of Bankruptcy Procedure. <u>Am. Sports Radio Network v. Krause (In re Krause)</u>, 546 F.3d 1070, 1073 n.5 (9th Cir. 2008).

Finally, whether certain actions violated the automatic stay is a question of law subject to de novo review. <u>Wade v. State Bar of Ariz. (In re Wade)</u>, 115 B.R. 222, 225 (9th Cir. BAP 1990), <u>aff'd</u>, 948 F.2d 1122 (9th Cir. 1991).

## DISCUSSION

We consider first whether the bankruptcy court correctly determined that the proof of claim was barred by the doctrine of claim preclusion.

Pursuant to the Full Faith and Credit Act, bankruptcy courts

10

must give preclusive effect to a state court judgment to the same extent courts from that state would give such judgment preclusive effect. 28 U.S.C. § 1738; Marciano v. Chapnick (In re Marciano), 708 F.3d 1123 (9th Cir. 2013). Thus, in order to determine the preclusive effect of the Missoula County District Court's judgment, we must look at Montana law. See Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1123 (9th Cir. 2003).

Montana courts will apply res judicata or claim preclusion if four criteria are satisfied: "The parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues." In re B.P., 35 P.3d 291, 293 (Mont. 2001). Accord, Bragg v. McLaughlin, 993 P.2d 662, 665 (Mont. 1999), partially overruled on other grounds, Essex Ins. Co. v. Moose's Saloon, Inc., 166 P.3d 451 (Mont. 2007).

Here, Boyce and Sayer have not disputed that these factors have been met. Nor could they seriously have disputed the existence of these factors. As the sole basis for their claim, Boyce and Sayer attached to their proof of claim copies of the third party claims they filed against Moss in the Missoula County District Court. In its February 2012 order, the District Court disposed of these claims by ruling that, on their face, the claims were meritless as a matter of law and that Moss was entitled to a judgment on the pleadings as to each of these claims.

Moreover, the time to appeal this ruling ended, at the very latest, 30 days after Boyce and Sayer were sent notice on

11

December 7, 2012, of Moss's bankruptcy discharge, which effectively caused the automatic stay to expire as to acts against Moss. §§ 108(c)(2), 362(c)(2)(C); see also In re Hoffinger Indus., Inc., 329 F.3d 948, 953 (8th Cir. 2003)(citing Parker v. Bain, 68 F.3d 1131, 1138 (9th Cir. 1995)).

Boyce and Sayer argue that the Missoula County District Court's rejection of their third party claims in the February 2012 order never became a binding, final ruling for claim preclusion purposes. According to Boyce and Sayer, the District Court's July 2012 entry of a final judgment was an essential step in fully and finally disposing of all the claims, counterclaims and third party claims asserted in the state court lawsuit. Because the entry of the July 2012 judgment was void as a violation of the automatic stay, Boyce and Sayer reason, none of the rulings contained in the February 2012 order became final and binding for claim preclusion purposes.

Boyce and Sayer's argument lacks merit because it is based on a false premise - that the July 2012 judgment is void as a violation of the automatic stay. The Missoula County District Court's entry of the July 2012 fee award and the July 2012 judgment are beyond the scope of the automatic stay. They did not constitute acts against the bankruptcy estate, the debtor or his property. See § 362(a). Boyce and Sayer contend that, because the state court lawsuit included their third party claims against Moss, the District Court could not enter the July 2012 final judgment without violating the automatic stay arising from Moss's bankruptcy case, filed on July 3, 2012.

We disagree with Boyce and Sayer. When a single lawsuit

12

consists of claims both by and against the debtor, the claims are considered separately in terms of determining the effect of the automatic stay on the prosecution of those claims. Parker v. Bain, 68 F.3d 1131, 1137 (9th Cir. 1995). As Parker explained:

> "All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay."

Id. (emphasis added) (quoting Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204–05 (3d Cir. 1992)).

Here, the Missoula County District Court issued a dispositive ruling rejecting all of Boyce and Sayer's third party claims against Moss in February 2012, roughly four months before Moss commenced his chapter 7 case. These third party claims were the only claims stated in the lawsuit against Moss and, hence, were the only claims potentially subject to the automatic stay. Because the third party claims were resolved well before the bankruptcy case and the automatic stay arose, their resolution could not and did not constitute a stay violation. And because all of the other claims stated in the state court lawsuit were beyond the scope of the automatic stay, the District Court's actions concerning these other claims also could not and did not constitute a stay violation.

Alternately, Boyce and Sayer argue that one or more of the Missoula County District Court's orders and judgments were void

13

for the following three reasons: (1) while the state court lawsuit was pending, Moss could not lawfully represent MAPC because he lost his status as a member in good standing with the State Bar of Montana; (2) while the state court lawsuit was pending, MAPC could not lawfully prosecute its claims against Tupi, Boyce and Sayer because MAPC lost its status as a business entity in good standing with the Montana Secretary of State; and (3) while the state court lawsuit was pending, Tupi could not lawfully be sued because Boyce and Sayer voluntarily dissolved Tupi. If any of the District Court's orders or judgments were void, it is true that those void orders or judgments should not be given any preclusive effect. Mountain W. Bank, N.A. v. Glacier Kitchens, Inc., 281 P.3d 600, 603 (Mont. 2012).

Even so, assuming without deciding the truth of the predicate facts underlying each of Boyce and Sayer's asserted voidness grounds, none of these grounds establish that any of the Missoula County District Court's orders or judgments were void. In Montana, "when a court has jurisdiction over the person and the subject matter, and the judgment rendered is not in excess of the jurisdiction or power of the court, no error or irregularity can make the judgment void." Bragg, 993 P.2d at 665. Here, none of Boyce and Sayer's claimed voidness grounds implicate the Missoula County District Court's personal jurisdiction or subject matter jurisdiction. While Boyce and Sayer have attempted to characterize the issue regarding the dissolution of Tupi as a jurisdictional issue, they have cited no case law holding that a Montana court will lose personal jurisdiction over a limited liability company if its members voluntarily dissolve the company

14

while a lawsuit against the company is pending.  Nor are we aware of any legal authority supporting this novel proposition.

In any event, even if one or more of Boyce and Sayer's voidness arguments were to rise to the level of a jurisdictional issue, Boyce and Sayer needed to raise them, and prevail on them, either in the original action or on direct appeal from the original action.  The Montana Supreme Court does not permit litigants to collaterally attack prior final judgments based on jurisdictional grounds when they had a full and fair opportunity to raise them in the original action or on direct appeal from the original action.  Bragg, 993 P.2d at 666; see also Searight v. Cimino, 777 P.2d 335, 337 (Mont. 1989).  As stated in Searight:

> "Once there has been full opportunity to present an issue for judicial decision in a given proceeding, including those issues that pertain to a court's jurisdiction, the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end."

Id. (emphasis in original) (quoting Wellman v. Wellman 643 P.2d 573, 575 (Mont. 1982)).

The record in this appeal reflects that Boyce and Sayer had ample opportunity to raise their voidness arguments in the District Court.  They also could have raised them in a direct appeal following the entry of the District Court's July 2012 final judgment.  In accordance with Bragg, Searight and Wellman, we cannot permit Boyce and Sayer to proceed with these voidness arguments now, in a collateral attack on the District Court's judgment.

Boyce and Sayer make two additional arguments why the bankruptcy court erred in disallowing their claim.  First, they

15

assert that the Missoula County District Court judgment should not have been given preclusive effect because the District Court violated their constitutional right to trial by jury. This argument is devoid of merit on its face. All of the substantive issues in the state court lawsuit were resolved either by summary judgment or by judgment on the pleadings. As a result, there were no fact findings made and, hence, no need for or constitutional right to a trial by jury.

Second, Boyce and Sayer contend that Samson's claim objection should have been overruled because Samson failed to prove that the claim should be disallowed under any of enumerated grounds set forth in § 502(b). This contention is simply wrong. As its very first ground for disallowance, § 502(b)(1) states in relevant part that the bankruptcy court should disallow a claim to the extent that it is "unenforceable against the debtor . . . under any agreement or applicable law." In this instance, the reference to applicable law requires us to look at whether Boyce and Sayer had a right to payment under Montana law. See generally Butner v. United States, 440 U.S. 48, 55 (1979). And, as we have explained above, under Montana law, Boyce and Sayer did not have a right to payment in light of the Missoula County District Court's binding determination rejecting all of Boyce and Sayer's third party claims against Moss.

In sum, none of Boyce and Sayer's arguments persuade us that the bankruptcy court erred when it disallowed their proof of

16

claim.[5]

Finally, we also conclude that the bankruptcy court did not err when it denied Boyce and Sayer's motion to remove void judgment. We agree with the bankruptcy court that, because Boyce and Sayer in essence sought declaratory relief and a determination of the parties' respective interests in the Gerald Avenue residence, Boyce and Sayer should have sought this relief by commencing an adversary proceeding. See Rule 7001(2), (9); Expeditors Int'l of Wash., Inc. v. Citicorp N. Am., Inc. (In re Colortran, Inc.), 218 B.R. 507, 510-11 (9th Cir. BAP 1997). We also agree with the bankruptcy court that, in the alternative, Boyce and Sayer were not entitled to the relief requested in this motion because the Missoula County District Court ruling that Boyce and Sayer sought "removal" of was not void as asserted. We already have addressed and rejected, above, all of Boyce and Sayer's voidness arguments. No purpose would be served by reiterating that analysis.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's disallowance of Boyce and Sayer's claim and the bankruptcy court's denial of their motion to remove void judgment.

---

[5]Because we have affirmed the bankruptcy court's disallowance of the claim on the basis of claim preclusion, we do not express any opinion on the bankruptcy court's alternate theories of issue preclusion and the Rooker-Feldman doctrine.

17